Smith et ux. *v.* Kelly's Heirs.

DANIEL SMITH et ux. *vs.* JAMES KELLY's Heirs,

By the laws of South Carolina, a subsequent marriage of the parties does not legitimate the issue previously born ; but by the laws of this state the subsequent marriage of the parties, and acknowledgment of the father, will legitimate such issue.   Hutch. Code, 502.

It is a well established principle, that the *status,* or condition as to the legitimacy, must be determined by reference to the law of the country where such *status* or condition had its origin ; but the majority of the English judges have held, that, as to lands in England, the laws of that country govern.

If issue, born before marriage, by the laws of the country in which they would be legitimated by the subsequent marriage of the parties, they will, by such subsequent marriage, (perhaps in any country in which that, in the same country, become legitimate, so that this character of legitimacy will be recognised in every country ; but if illegitimate where born, the same character will belong to them in every other country.

The condition of the party in this case, being fixed by the law of South Carolina, the place not only of her birth, but of the marriage of her parents, it follows, that she is illegitimate, and, consequently, this *status* of illegitimacy, which adheres to her every where, prevents her from inheriting either personal or real estate.

THE record shows that the plaintiff, Isabella Smith, formerly Isabella Kelly, was born in the state of South Carolina ; that James Kelly, in that state, afterwards intermarried with her mother, and that she was the daughter of James Kelly ; and her said father, Kelly, and the said Isabella with the other members of the family, some time in 1837 or 1838, removed to Carroll county, Mississippi, where they afterwards continued to reside.   That James Kelly died in Carroll county, about 1846 or 1847, and left both real and personal estate for distribution among his heirs, and the said appellant lived with her father up to the time of his death, and was always recognised by him as his child.

That at the December term of the probate court of Carroll county, Miss., there was a final settlement of the estate by the representatives of Kelly deceased. But no notice or citation was served on appellants who were not made parties to said proceedings. This case comes up on this state of facts.

*Sheppard*, for plaintiff in error.

The only question presented is, whether Mrs. Smith is entitled to share as a distributee in the estate of her father, James Kelly. The court below decided that she was illegitimate, and dismissed the petition.

This case, from its special circumstances, is different from any of the cases decided in England, which are relied upon by the defendant.

The claimant may have been illegitimate according to the law of the domicil of birth, but the proper inquiry on the facts is, Has not that condition been changed, and the claimant legitimated by the law of this state ?

All the parties were citizens, and subject to the law of this State. The claimant and her father removed and continued to reside here from —— until his death. Her parents had married, and during the period of her father's domicil here, he always acknowledged her as his child. This act of recognition by the parents, while the parties were subject to the law of this state, under our statute legitimated the claimant.

If the parents married, the statute gives to the father the power to legitimate the offspring by acknowledging the child. Hutch. Code, 502, par. 53.

Whatever was the *status* or condition of the claimant, the legal effect of the act of the father was her legitimation.

It is not necessary that the marriage should occur in this state, or that it be shown that her parents married since 1821, the time of the passage of the act.

This statute is a copy of the Virginia act of 1787, and under the statute of 1787 the claimants were legitimated though born, and their parents married prior to 1787. The legitimation was the effect of the act of recognition. *Rice et al.* v. *Efford et al.*, 3 Hen. & Munf. 225.

Smith et ux. *v.* Kelley's Heirs.

In a case before the court of sessions, in Scotland, the claimant was born in England, and his parents subsequently married there, and then removed to Scotland. He was held legitimate by the rule of the civil law of Scotland, by which the heir is legitimate, if his parents subsequently marry. Story's Confl. of Laws, 91, note (1).

In *Birtwhistle* v. *Vardll*, 9 Bligh, 32, the claimant was legiti-mate by the law of the domicil of birth, yet his title to the succession of English land was denied, because, by the statute of Merton, he alone could inherit who was born in lawful wedlock.

The converse of the proposition must also be true.

The proceedings on the final settlement constitute no bar. It is admitted that the claimant was not made a party, and had no notice.

As to her, the judgment is void. No party can be prejudiced by a judicial proceeding of which he has not legal notice.

*Johnson,* for defendant in error.

By the common law, a child born out of lawful wedlock is illegitimate.

It is not shown in this case that the common law rule has been changed in South Corolina.

The plaintiff, Isabella Smith, certainly must be regarded as illegitimate in that State; and this *status* follows her to all other countries. See 5 Barn. & Cress. 438, 455; 9 Bligh, 32, 886; Ib. 468; Story's Confl. of Laws, 86 – 91.

But suppose the court should be of opinion, (as counsel contends,) that the statute of 1821 could in any case be so construed as to affect the legitimacy of a child born in South Carolina, it would clearly be necessary to show that the birth of such child, and the intermarriage of the parents, occurred subsequent to the passage of that act.

A final settlement of the estate has been made in the probate court, and this bars the relief sought.

Mr. Justice CLAYTON delivered the opinion of the court.

The wife of the petitioner was the daughter of James Kelly, born in South Carolina before his marriage with her mother.

---

Smith et ux. *v.* Kelly's Heirs.

---

They afterwards intermarried in that State, and subsequently moved to Mississippi. The question is, whether she is entitled to a distributive share of the estate of her father, consisting both of realty and personalty.

By the laws of South Carolina, it would seem that such subsequent marriage does not legitimate the issue previously born. By the laws of this State, the subsequent marriage of the parties and acknowledgment of the father will legitimate such issue. Hutch. Code, 502. This renders it necessary to consider, by what law the *status* or condition of the petitioner is to be determined.

On this head, it is a well settled principle, that the *status*, or condition as to legitimacy, must be determined by reference to the law of the country where such *status* or condition had its origin. The only difference of opinion among the English judges on the subject, is as to the applicability of this rule to real property situated in England. The majority of the judges hold, that as to lands in England, the laws of that country must govern. But Lord Brougham holds, that the rule is equally applicable to real and personal estate.

Story, in his Conflict of Laws, page 97, § 105, says: " As to issue born before the marriage, if, by the law of the country where they are born, they would be legitimated by the subsequent marriage of their parents, they will by such subsequent marriage, (perhaps in any country, but at all events in this,) in the same country become legitimate, so that this character of legitimacy will be recognised in every other country. If illegitimate there, the same character will belong to them in every other country." See also from § 77 to § 93.

This view strikes us as the most correct. It furnishes an uniform rule, operating every where and as to all things, alike. When the point is established, that the condition of the party is fixed, as in this case, by the laws of South Carolina, the place, not only of her birth, but of the marriage of her parents, it follows that she is illegitimate. As a consequence of this *status* of illegitimacy, which adheres to her every where, she cannot inherit either real or personal estate.

The petition was properly dismissed and the decree is affirmed.