# Thomas *v.* Thomas.

(In Banc. April 22, 1946. Suggestion of Error Overruled May 13, 1946.)

[25 So. (2d) 710. No. 36109.]

**H. H. Parker**, of Poplarville, and **G. B. Keaton**, of Picayune, for appellant.

Nate S. Williamson and E. T. Strange, both of Meridian, and J. E. Stockstill, of Picayune, for appellee.

100

Argued orally by **H. H. Parker,** for appellant, and by **Nate S. Williamson,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant filed her petition to remove the administrator of the estate of Will Thomas, deceased, for possession of certain personalty, and for a decree adjudging her to be the sole heir of Will Thomas. She asks also to be appointed administratrix. Appellee, cited as a defendant, denied that Lettie Thomas was the lawful wife and now the sole heir of the deceased, but alleged that appellee was his daughter and as such his sole heir. The Chancellor held that appellant was the common law wife of Will Thomas and that the appellee was his legitimate child and entitled to share in the estate together with appellant. By agreement the status of the administrator was not affected. To the direct appeal of appellant, the appellee filed a cross-appeal. Each claims to be the sole heir.

The testimony is without dissent that appellee was born out of wedlock and was the daughter of Angeline Thomas to whom Will Thomas was later married in Louisiana, September 4, 1919. Angeline died in 1922 and shortly thereafter Will Thomas moved to Picayune, Mississippi. It is further beyond dispute, and the Chancellor correctly found, that Will Thomas then and there accepted appellant as his common-law wife and that they lived together as such until his death in 1944.

Appellee was never legitimated according to the laws of Louisiana although Will Thomas later married her mother in that State. For her to become a lawful heir in this State it must be shown first that she was the natural daughter of Will Thomas, that both parents were

later lawfully married and that the father acknowledged her as his daughter in this State. Code 1942, Section 474.

We are agreed that if she is not shown to be the daughter of Will Thomas we need not examine whether there is adequate proof of his acknowledgment of her as his daughter, nor whether if this be shown her status as an heir would be thereby established in view of Smith v. Kelly's Heirs, 23 Miss. 167, 55 Am. Dec. 87. We prefer to base our decision upon the insufficiency of the proof to establish either the paternity of Will Thomas or his recognition of appellee as his own daughter.

The testimony is more than merely preponderant that appellee was born before Will Thomas met her mother. She was generally known as Geneva Dunn and her mother was quoted as having stated that one Homer Dunn was her father. Dunn himself testified to the contrary. We need not recite the testimony disproving the paternity of Will Thomas. It was shown that appellee's mother lived with one Alfred Miller for five or six years prior to her acquaintance with Will Thomas, at which time appellee was about six years old. Out of thirty-two witnesses only one, her aunt, Stella Goldsmith, testified that Will and Angeline were acquainted prior to the birth of appellee. She is contradictory in her statement as to the age of appellee when her mother married Will Thomas. Other inconsistencies in her chronologies render her evidence inadequate to withstand the pressure of conflicting testimony all of which is consistent and plausible.

On the issue of recognition and acknowledgment in this State the testimony is insufficient. Although several witnesses testified that Will Thomas referred to her on occasions as "my little girl," or "my child," or "my daughter," it is more significant that four witnesses who knew them well stated that Will referred to her as his stepdaughter or his wife's daughter. There is also testimony that he positively disclaimed any relationship. We are of the opinion that appellee did not on this issue sustain the burden of proof which rested on her and that the

finding of the learned Chancellor that she was the legitimate daughter of Will Thomas ought not to be upheld. We have not detailed the proof sustaining our conclusion but have weighed it carefully in the light of our duty to uphold the Chancellor in findings of fact save where manifestly unwarranted.

Our decision renders it unnecessary to examine the interesting questions of law which would arise had our decision upon the factual issues been otherwise. The decree of the trial court will be reversed upon the direct appeal and affirmed upon the cross-appeal, and appellant decreed to be the sole lawful heir of Will Thomas.

Reversed on direct appeal, affirmed on cross-appeal, and decree here for appellant.