HULITT, et al. *v.* JONES.

May 3, 1954

No. 39219 63 Adv. S. 20 72 So. 2d 204

*Hermon Dean,* Canton, for appellants.

*Will S. Wells,* Jackson, for appellee.

ETHRIDGE, J.

This case involves the question of whether appellants' uncontradicted evidence was sufficient to establish an acknowledgment of paternity under Code of 1942, Section 474, which provides: "Descent among illegitimates. —If any man beget a child or children by a woman whom he shall afterward marry, such child or children, if acknowledged by the man, shall, in virtue of such marriage and acknowledgment, be legitimate, and capable in law to inherit and transmit inheritance as if born in wedlock. . . ."

Prior to September 1890 Anna Johnson, an unmarried woman, gave birth to a child named Bertha. On September 10, 1890, Anna married A. R. (Otley) Jones. All of the parties are Negroes. In September 1893 Anna sued Otley Jones for divorce on the grounds of desertion. The bill charged their marriage and a desertion; that defendant had never supported her since their marriage; and that "a child was born to them before said marriage, a girl Bertha, by name," but that defendant had never supported the child. The bill asked for a divorce and for the court to "give your complainant the custody of the person of their child, Bertha." Personal process was served upon Otley Jones, he made no answer, and after hearing evidence, the chancery court on September 26, 1893, granted Anna a divorce from Otley. The decree adjudicated that "the matters and things set forth in the complainant's bill are true as stated." It granted the divorce, and Anna was "awarded the custody of her child Bertha . . ."

In later years Bertha Jones, the child of Anna and Otley, married Horace Jones, and the appellants, complainants below, were the two daughters and only children of Bertha. Bertha died in 1932. Prior to that time, the appellee, defendant below, Maggie Jones, married Otley. Otley died intestate in March 1944. At the time of his death he owned three lots in the City of Jackson. The appellants, daughters of Bertha, filed this suit in December 1952, against the widow of Otley Jones. Appellants charged that Bertha, their mother, was the acknowledged daughter of Otley Jones, under Code Section 474, and that as Bertha's sole heirs they are entitled to an undivided one-half interest in Otley's estate, with his widow Maggie Jones being the owner of the remaining one-half, with a widow's homestead right in one of the lots. So appellants asked that the property be partitioned. Appellee admitted that Otley was at one time married to Anna Johnson, before his marriage to appel-

lee, but denied that Bertha was a child born of the preceding marriage, and averred that she was born out of wedlock. The answer denied that appellants are the heirs of Otley Jones.

Appellant relied upon the testimony of six witnesses. Appellee offered none. The chancery court held that appellants' evidence was not sufficient to establish for them any rights under Section 474, or to show any acknowledgment by Otley of his paternity of Bertha; that the divorce suit showed that Bertha was born prior to Otley's marriage to Anna, and that Otley and Anna never lived together as husband and wife; and that Otley never contributed toward the support of Bertha, and never took her into his home and acknowledged her as a parent would a child by providing for her the necessities of life. Hence the final decree dismissed the bill with prejudice.

Code Section 474 makes three requirements or conditions precedent to legitimation and inheritance: It must be shown that the child was a natural daughter of Otley Jones, that both parents were later lawfully married, and that the father acknowledged her as his daughter. Thomas v. Thomas, 200 Miss. 96, 25 So. 2d 710 (1946).

In the instant case, the second requirement is clearly established: that Otley and Anna married after the birth of the child Bertha. And the first condition is also satisfied, namely, that Bertha was the natural daughter of Otley Jones by Anna, whom he later married. The bill of complaint charged specifically that this was so, and appellee's answer did not deny that Otley was the father of Bertha; it only denied that Bertha "was born of the marriage" of Otley and Anna. The bill in the 1893 divorce proceeding specifically charged that Otley was the father of Bertha, Otley filed no answer denying it, and the decree expressly adjudicated that the facts set forth in the bill were true as stated. Moreover, the uncontradicted evidence, hereinafter referred to, is to the effect that Otley admitted he was Bertha's father.

 The remaining issue is whether Otley acknowledged Bertha as his child, as required by Code Section 474. There are similar statutes from other states. The authorities seem to be in agreement, and we so hold, that the evidence to support a finding of acknowledgment of paternity should be clear, convincing and unambiguous. 7 Am. Jur., Bastards, Section 55; 10 C. J. S. 66, Bastards; Annotation L. R. A. 1916E, 659, 663. The acknowledgment need not be specifically of the child's right to inherit, but only of the fact of paternity. The question as to what will constitute an acknowledgment is one of law as well as of fact. 7 Am. Jur., Bastards, Sections 55, 58. See also Annotation, 175 A. L. R. 375 (1948). The recognition or acknowledgment contemplated by the statute may consist of acts or conduct as well as declarations. Although recognition is often shown by the manner of treatment of the child, a reputed father may admit that a child is his and thereby recognize such a child, even though he neglects to perform the duties of a father.

The chancellor found that appellants' evidence was insufficient to establish an acknowledgment of paternity under Section 474. He did not state that he did not believe the testimony of appellants' witnesses, but concluded that as a matter of law the testimony was not sufficient. Without reviewing the evidence in detail, it can be said briefly that appellants offered six witnesses who testified categorically that Otley Jones had acknowledged to them on various occasions that he was Bertha's father. Two of these witnesses, Willie Ridley Bennett and Andrew Wisdom, were particularly clear, and unimpeached on cross-examination. They said that they had known Otley for many years and that he had often told them that Bertha was his daughter and that he had two granddaughters, the appellants; that every time he came around to Wisdom's home "he just owned it like a father would own his children." Four other witnesses

for appellants also testified that they had known Otley for many years before his death, and that on numerous occasions he had acknowledged to them that Bertha was his daughter. This testimony is not contradicted. At the conclusion of the complainants' case, the defendant rested, and the court then rendered a decree for defendant.

The rule is well-established that the testimony of a witness which is not contradicted, either by direct evidence or by circumstances, must be taken as true. Neither the chancellor nor a jury have an arbitrary right to disregard testimony which is undisputed and uncontradicted, and which is not inherently improbable, incredible, or unreasonable. Stewart v. Coleman & Company, 120 Miss. 28, 81 So. 653 (1919); Wilson v. Blanton, 130 Miss. 390, 94 So. 214 (1922); Ryals v. Douglas, 205 Miss. 695, 39 So. 2d 311 (1949); Tombigbee Electric Power Association v. Gandy, 216 Miss. 444, 62 So. 2d 567 (1953); Reyer v. Pearl River Tung Company, 68 So. 2d 442 (Miss. 1953). On this record the testimony of appellants' witnesses is uncontradicted, either by direct evidence or by circumstances, except to the limited extent that several of them were somewhat hazy on dates, and concerning Bertha's age on occasions which occurred more than thirty years ago, but that is not unusual considering the frailties of man's memory. And as previously stated, the testimony of Bennett and Wisdom is direct and unequivocal to the effect that Otley acknowledged Bertha as his daughter on a number of occasions. We think that the chancellor could not disregard this testimony, and in the absence of contradiction was obligated to accept it. Hence the third element of statutory inheritance set forth in Code Section 474, namely, acknowledgment of paternity, was established by the undisputed evidence. So the decree of the trial court is reversed and judgment is rendered here for appellants on the merits. However, since the bill prayed for an

accounting and partition, the case is remanded for further proceedings consistent with this opinion.

Reversed and judgment rendered for appellants on the merits, and remanded.

*Roberds, P. J.,* and *Lee, Holmes* and *Arrington, JJ.,* concur.