BRADY, Justice.
This action was originally brought by appellant under Mississippi Code Annotated section 1270 (1956) wherein she sought to be recognized and decreed as one of the heirs at law of Robert Triplett, who died intestate on April 17, 1965. Robert Trip-lett left surviving him his widow, Carrie Triplett, who contended that she was his sole surviving heir at law and was therefore entitled to approximately twenty acres of land located in the SWJ4 of the NEJ4 and the NWJ4 of the SE14 of Section 20, Township 15 North, Range 12 East, Winston County, Mississippi. From a decree dismissing appellant’s bill of complaint and taxing her with costs this appeal is prosecuted.
Numerous assignments of error are urged by the appellant which we do not have to consider since the determination of the merits of this cause turns upon one cardinal question: Does the preponderance of the direct, reasonable and credible evidence in this case show that the decedent, Robert Triplett, acknowledged that he was the father of appellant and that thereafter he married Mollie Thompson, the mother of appellant, thus making appellant a legitimate child and capable in law to inherit and transmit /inheritance as if born in wedlock ?
A minute and obj ective. review of the testimony convincingly discloses that the deceased, Robert Triplett, acknowledged Edna Crosby, who was nicknamed “Pat,” as his daughter. The record further discloses that Robert Triplett’s brother, Judge Triplett, admitted that his mother and other relatives had required that Robert Triplett marry Mollie Thompson, appellant’s mother. The marriage license introduced in evidence shows that Robert Triplett married Mollie Thompson on November 6, 1906. His second marriage was to Annie Lewis. There were no children of this union. His third wife was Carrie Prince, the appellee here.
The testimony of appellant and her witnesses clearly demonstrates to our satisfaction that Robert Triplett firmly believed and acknowledged that Edna Crosby was his daughter. The record discloses that this acknowledgment took place both prior to and subsequent to the marriage. In addition, the deceased, Robert Triplett, built a home for his daughter, Edna, and her husband, Buster Miller, prior to her marriage. The testimony of Gabrellia Austin, an eighty-seven year old school teacher, is clear and convincing and shows that when Edna was six years old, Robert Trip-lett brought her to the Greensboro School and enrolled her as his daughter; that when the weather was inclement, he would come and get her; and that Robert recognized her as his daughter at all times. On cross-examination it was shown that Gab-rellia taught Edna Crosby until she was almost grown and getting ready to marry.
The record further discloses that after Buster Miller and Edna moved to Muske-gon, Michigan, where she lived for twenty years, Robert Triplett visited her frequently. Appellee conceded that Robert Triplett visited Edna there at least four times subsequent to her marriage. The correspondence between Robert Triplett and Edna indicates that over this long period of thirty or forty years he considered her his daughter, since in his correspondence with her he addressed her as “Dear Daughter” or “Baby” and signed his letters “Your Daddy” or “Dad.”
*71 Appellee and her witnesses sought to1 show that the decedent referred to Edna as his step-daughter, and there is certain extraneous evidence to the effect that she. is his step-daughter. However, the overwhelming weight of the testimony indicates that Robert Triplett firmly believed and acknowledged that Edna was his daughter, particularly subsequent to the time he married Mollie Thompson, the appellant’s mother.
Our statute provides that if a man beget a child by a woman whom he shall subsequently marry, such child, if acknowledged by the man, shall, by virtue of such marriage and acknowledgment, be legitimate and capable in law to inherit and transmit inheritance as if born in wedlock. Miss. Code Ann. § 474 (1956). We have1, heretofore held in Hulitt v. Jones, 220 Miss. 827, 72 So.2d 204 (1954), that the evidence to support a finding of paternity must be clear, convincing and unambiguous. We there further held that such acknowledgment is effective even though the father subsequently does not substantially provide for the maintenance and care of the child.
We are of the opinion that appellant in the present case properly met the burden of proof placed upon her to show such an acknowledgment. The record clearly and substantially shows that the decedent over a long period of time freely acknowledged appellant as his daughter. This is shown by his words, acts and continuous conduct evidencing his love for the appellant and his abiding belief that she was his daughter. Any inherent wrong toward her of which he is guilty he has done all within his power to rectify.
The proof in this case is so clear, convincing and unambiguous that we are constrained to say that the chancellor was manifestly wrong in holding that the appellant had not met the burden of proof cast upon her. Under the particular circumstances of this case where the evidence so clearly shows the decedent’s recognition and acknowledgment of appellant as his child over such a long period of time, by statements, acts and abiding belief that appellant was his daughter, we feel that it was incumbent upon appellee then to contradict or refute by credible, clear and convincing evidence that no such acknowledgment ever took place. The appellee failed to refute or disprove the well established proof of acknowledgment by the appellant, and for these reasons we are forced to hold that the chancellor erred and the judgment is reversed and judgment entered here for the appellant.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and RODGERS, PATTERSON ahd SMITH, JJ., concur.