GILLESPIE, Chief Justice:
This is an appeal from a decree of the Chancery Court of Hinds County. Dorothy Harper, complainant, sued Larry G. Harper, defendant, for child support and the court required the defendant to pay complainant a monthly sum to support the child. We reverse and render.
The complaint was brought under Code section 93-11-65,[1] Mississippi Code 1972 Annotated, and averred that the parties are legally married but separated and living apart and that the child was born of the marriage union.
*133 The child was born on April 21, 1969, the parties were married on December 22, 1970, and this suit was filed on October 17, 1972.
Defendant contends that Mississippi Code 1972 Annotated section 93-9-9[2] provides the sole remedy. Defendant argues that since the child was over three years old when the suit was brought it was brought too late and that the trial court should have dismissed it.
We hold that the suit was maintainable under section 93-11-65.
Mississippi Code 1972 Annotated section 91-1-15 provides in part as follows :
If any man beget a child or children by a woman whom he shall afterward marry, such child or children, if acknowledged by the man, shall, in virtue of such marriage and acknowledgment, be legitimate, and capable in law to inherit and transmit inheritance as if born in wedlock.
This statute legitimizes any child when its provisions are met. Section 93-11-65 provides a remedy, in addition to other remedies, for the custody and support of “children of the marriage.” Any child legitimized by section 91-1-15 is a child of the marriage within the meaning of section 93-11-65.
The remaining question is whether the proof in this case is sufficient to justify the trial court in finding that the child was legitimized by section 91-1-15. Under that section complainant was required to prove three requirements or conditions precedent to legitimization: (1) the child was begotten by Larry G. Harper, (2) that Larry G. Harper thereafter married complainant, and (3) Larry G. Harper acknowledged the child as his son. Hulitt v. Jones, 220 Miss. 827, 72 So.2d 204 (1954).
In the same case, the Court said :
The authorities seem to be in agreement, and we so hold, that the evidence to support a finding of acknowledgment of paternity should be clear, convincing and unambiguous. 72 So.2d at 206.
It is admitted the complainant and defendant married after the birth of the child. The material facts are not in dispute. Defendant’s last sexual intercourse with complainant prior to her pregnancy was June 12, 1968. Defendant then entered military service and did not see complainant until three or four months after she became pregnant. Complainant had a menstrual period about two weeks after June 12, 1968. She discovered or realized she was pregnant in July 1968. She corresponded with defendant after June 12, 1968, and saw him in October, but did not tell him she was pregnant until December 1968. The child was born April 21, 1969, ten months and nine days after the last time she had intercourse with defendant. Complainant and defendant married December 22, 1970. Complainant did not testify that defendant acknowledged to her or anyone else that the child was his. She did testify that defendant never did deny that the child was his, but the record does not show that there was ever any occasion for him to admit or deny parentage of the child. Complainant did not list defendant as the father on the child’s birth certificate. The only proof that he acknowledged the child were inquiries about “the baby” in letters to complainant and two Easter cards signed “from Dad.” Defendant explained that these cards from Viet *134 nam were sent because he intended marrying complainant and “I was trying to make her feel like her boy wasn’t here without anybody, I had the intention of marrying her, and I wanted him to feel that he was wanted also.”
Viewing the evidence in the light most favorable to complainant, it falls far short of constituting clear and convincing proof that the defendant was the natural father of the child or that he acknowledged the child as his own. Detailed comment on the absence of clear and convincing proof is unnecessary. The undisputed facts speak for themselves.
The chancellor was manifestly wrong in requiring the defendant to support complainant’s child. The decree of the chancery court is reversed and the suit dismissed.
Reversed and suit dismissed.
PATTERSON, INZER, SMITH and SUGG, JJ., concur.

. Section 93-11-65 provides that the chancery court of the proper county may entertain suits for the custody, care, support and maintenance of minor children in addition to all other existing remedies. The statute is clear that it has reference to “children of the marriage.”

. Section 93-9-9 is the enforcement statute under the Code chapter on Uniform Law on Paternity. The general purpose of this chapter is to provide a uniform system of enforcement of the obligation of the father of a child which is born out of lawful matrimony to bear the reasonable expenses of the mother’s pregnancy and confinement and the education, support, maintenance, medical and funeral expenses for the child. Nothing in this chapter deprives the chancery court of the power to entertain suits under Code section 93-11-65 where the suit is based on the averment that the child was born in wedlock or that the child was one of the marriage within the meaning of section 91-1-15.