ROBERTSON, Presiding Justice, for the Court:
Richard Emmett McLeod, III appeals from a decree of the Chancery Court of Warren County denying his Petition for Correction and Change of the Birth Certificate of Dawn Marie McLeod, under the provisions of Mississippi Code Annotated section 41-57-23 (1980 Supp.).
McLeod averred in his petition that he was not the father of Dawn Marie McLeod, as shown on her birth certificate, which listed her date of birth as May 26, 1978; that he had not lived or cohabited with Marie Theresa Byrne McLeod, the. mother of Dawn, since October 26, 1976; that Marie McLeod had filed a bill of complaint for divorce on September 22, 1977, in which she stated under oath that they had not lived together since October 26, 1976; that a divorce was granted to complainant on November 10, 1977, based on her sworn statements in her bill of complaint that they had been separated and had not lived together since October, 1976.
No mention was made in her bill of complaint nor in the decree based thereon that complainant was pregnant as a result of her marriage to McLeod.
At the hearing on his petition to correct birth certificate by deleting his name therefrom as the father of Dawn, McLeod testified that Marie McLeod had told him that he was not the father of Dawn. Isabelle Smith, McLeod’s mother, also testified that Marie McLeod had told her that McLeod was not the father of Dawn.
In her signed application for aid to dependent children made to the welfare department, Marie McLeod did not list McLeod as the father of Dawn, but listed some other man as her father. All of this evidence was undisputed.
*480 The presumption that a child was conceived during wedlock and that the father of the child was the mother’s then husband, where the birth of the child was within nine months of the date of the decree of divorce, is one of the strongest presumptions known to the law. Madden v. Madden, 338 So.2d 1000 (Miss.1976). However, it is not a conclusive presumption. We said in Madden, supra:
“Although the presumption is rebuttable, it has been held that a husband denying paternity of a child born in wedlock must prove beyond reasonable doubt that he is not the father. Stone v. Stone, 210 So.2d 672 (Miss.1968) . .. Divorce or separation before birth of the child may be a circumstance lessening the presumption, but it does not destroy it. Moore v. Smith, 178 Miss. 383, 172 So. 317 (1937); 10 Am.Jur.2d Bastards § 15.”
338 So.2d at 1002. (Emphasis added).
The evidence in the case at bar was un-contradicted. In Hulitt, et al. v. Jones, 220 Miss. 827, 72 So.2d 204 (1954), this Court stated:
“The rule is well-established that the testimony of a witness which is not contradicted, either by direct evidence or by circumstances, must be taken as true. Neither the chancellor nor a jury have an arbitrary right to disregard testimony which is undisputed and uncontradicted, and which is not inherently improbable, incredible, or unreasonable.”
220 Miss. at 833, 72 So.2d at 207.
It was not only undisputed, but it was also “not inherently improbable, incredible, or unreasonable.”
We are of the opinion that the petitioner’s proof met the strict standards set by this Court and that the petitioner proved beyond reasonable doubt that he was not the father of Dawn.
The decree of the lower court is, therefore, reversed and the birth certificate of Dawn Marie McLeod will be corrected by striking the name of Richard Emmett McLeod, HI therefrom as the father.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.