ZUCCARO, Justice, for the Court:
The issue in this case is whether the Chancery Court of Hinds County erred in dismissing, on the basis of res judicata and collateral estoppel, the complaint of appellants which alleged that they were the illegitimate children of George Washington Stutts, Sr., deceased, who should, in spite of their illegitimate status, share in decedent’s estate pursuant to the illegitimate inheritance provisions of our intestacy statutes, Miss.Code Ann. § 91-1-15 (1972). We hold that the dismissal was error and accordingly we reverse and remand.
FACTS
The facts are undisputed. George Washington Stutts, Sr. died intestate in 1964 leaving a substantial estate, which consisted of, to a large degree, real estate situated in Hinds and Yazoo Counties. Stutts resided in Hinds County, and his estate was administered in the Chancery Court of the First Judicial District of Hinds County. During the administration of Stutts’ Estate in 1965, a petition to determine heirship was filed in which appellants, Emmanuel Stutts, born in 1953, Delores Stutts, bom in 1955 and Ezekiel Stutts, born in 1956, sought to establish an inheritance claim against the estate by alleging that they were the children of George Washington Stutts, Sr. Appellants’ claim was based on their contention that a common law marriage existed between their mother, Maggie Brown, and George Stutts, Sr., in that Brown and Stutts lived together from 1951 until 1962 (common law marriages were recognized in Mississippi until 1956). During the same time frame, however, Stutts was married to Zelma Mitchel Stutts, who was his wife through a ceremonial marriage. That estate proceeding was litigated between Zelma Stutts and the legitimate children of George W. Stutts, Sr., and appellants claiming to be heirs of the deceased through Maggie Brown. After a two-day hearing on appellants’ claims, the Chancery Court of Hinds County, on November 15, 1965, determined that appellants were not legal heirs of George Washington Stutts, Sr., and as such they could not share in his estate. This determination was made based upon the lower court’s finding that appellants had failed to prove the existence of a common law marriage between Maggie Brown and the decedent. Additionally, the chancellor factually found that Emmanuel Stutts, Delores Stutts and Ezekiel Stutts, had failed to prove that they were even the children of the decedent. This finding of insufficient proof of paternity was made by the chancellor in regard to any claims the children might file in the future for support against the estate of George Washington Stutts, Sr. pursuant to the Uniform Act on Paternity found at § 383-01 et seq. of the Mississippi Code Annotated (1942). Oddly, the issue of support under the Uniform Act had never been raised at trial.
Following the chancery court’s entry of final judgment on November 15, 1965, the children appealed to this Court. We subsequently affirmed in toto the lower court's decision on the basis of the then existing rule that illegitimates could not inherit through their father. See Stutts v. Estate of Stutts, 194 So.2d 229 (Miss.1967).
In 1981, the Mississippi Legislature amended Miss. Code Ann. § 91-1-15 to create a right of action in favor of illegitimate children to inherit from their father. See Miss.Code Ann. § 91 — 1—15(3)(d)(ii) (Para.2) (Supp.1987) (effective from and after July 1, 1981). On June 29, 1984, just before the expiration of the 3-year statute of limitations imposed by § 91-1-15 on actions accruing before July 1, 1981, appellants filed the present action in the Chancery Court of Hinds County, to share in the estate of George Washington Stutts, Sr., as his illegitimate children. All appellees joined in a motion to dismiss the action on the basis that it was barred by the doctrines of res judicata and collateral estoppel. The motion was based on the chancellor’s fact finding in the 1965 action that appellants were not the children of George Washington Stutts, Sr., illegitimate or otherwise. The lower court granted appellees’ motion, finding the prior action to be a bar to the case sub judice. On appeal, one assignment of error is raised as follows.
*179 I. DID THE CHANCERY COURT ERR IN DISMISSING THE CLAIMS OF EMMANUEL STUTTS, DELORES STUTTS AND EZEKIEL STUTTS?
In the 1965 action, the chancellor made a factual determination that Maggie Brown Stutts, mother of appellants, had failed to prove the existence of, by clear and convincing evidence, a common law marriage between herself and George Washington Stutts, Sr. Thus, if the children of Maggie Brown, now appellants, were the decedent’s children, they were his illegitimate children, who under the law as it existed at that time could not share or participate in his estate. See Miss.Code Ann. § 474 (1942). However, the trial court in the prior action additionally made the following finding of fact:
The court further finds as a fact from the claim of the Uniform Act on Paternity, being Chapter 312, Laws of 1962, that there was no proof to show that George W. Stutts, Sr. was the father of Maggie Brown’s three children, namely Emmanuel Stutts, Delores Stutts and Ezekiel Stutts, and if this proceeding is attempted to be brought to enforce an obligation of the father for liabilities under Chapter 312, there is no ample proof that George W. Stutts, Sr. was the father. This action was not commenced in the lifetime of George W. Stutts, Sr. and the proceeding could not be maintained.
We find it noteworthy that the chancellor made this finding of fact as to the paternity of the children, because no claim for support under the Uniform Act on Paternity had been made by appellants, and the first time in the 1965 record that such appears is in the chancellor’s order.
Returning to the present case, following commencement of appellants’ action, all ap-pellees joined in a motion to dismiss on the basis that the chancellor’s decree in the 1965 case, especially that portion dealing with paternity, acted as res judicata and collateral estoppel to the relitigation of that issue. The lower court granted appellees’ motion, dismissing appellants’ action, and finding that the paternity of appellants as it concerns George Washington Stutts, Sr. had previously been litigated so as to bar the present action to reopen his estate under § 91-1-15 as amended in 1981. The principal questions now on appeal are whether the chancellor’s fact finding as to paternity in the 1965 action meets the criterion for the imposition of the doctrine of collateral estoppel, as to that issue, and to a much lesser degree, whether claim preclusion, i.e. res judicata is applicable.
In Dunaway v. W.H. Hopper and Associates, Inc., 422 So.2d 749, 751 (Miss.1982), this Court stated that collateral estoppel is applicable, and the parties to an action will be precluded from relitigating a specific issue, which was:
(1) actually litigated in the former action;
(2) determined by the former action; and
(3) essential to the judgment in the former action.
See also Lee v. Wiley Buntin Adjuster, Inc., 204 So. 2d 479 (Miss.1967); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956).
A review of the record in the 1965 case, to determine whether these three elements for the application of collateral estoppel have been met, reveals that the issue of the paternity of appellants, as it concerns George Washington Stutts, Sr., was actually litigated and determined by the trial court in that case so as to settle the first two elements of Dunaway. This is evinced by the portion of the opinion, as set forth above, dealing with the paternity of appellants. However, a more troublesome issue is whether the fact finding as to paternity was, under the third element of Dunaway, “essential to the judgment in the former action.” This matter can be decided only by viewing the law concerning these illegit-imates’ ability to inherit from the estate of their father as the law existed in 1965.
Section 474 of the Mississippi Code of 1942, in effect at the time of the 1965 trial, provided that an illegitimate child could inherit only through his or her mother. Unless both parents were later lawfully married and the father acknowledged such person as his child an illegitimate could not inherit through the estate of his father, Thomas v. Thomas, 200 Miss. 96, *180 25 So.2d 710 (1946). Maggie Brown, mother of appellees, sought to prove in the 1965 action, that she and George Washington Stutts, Sr. had entered into a common law marriage in 1951, and that appellees were the children of this marriage. The trial court determined that there was insufficient proof of the existence of such a common law marriage, which would make Maggie Brown’s children illegitimate. As seen above, once this determination was made, Brown’s action on behalf of her children was over, for as illegitimates they could not inherit from George Washington Stutts, Sr. Thus, the 1965 court’s determination as to the paternity of the children was mere surplusage not essential to the action so as to satisfy the third element required for the application of the collateral estoppel doctrine. Dunaway, supra. (Emphasis added)
Additionally, for some unknown reason, the 1965 court made its determination as to the paternity of appellants on the basis of the Uniform Paternity Act. As stated above, no claim for support under this Act had been made by appellants at that time. Further, § 383-04 of the Mississippi Code of 1942 provided that:
The obligation of the estate of the father for liabilities under this Act are limited to amounts accrued prior to his death. However, in order to hold the estate of the father liable under this Act, an action hereunder must have commenced during the lifetime of the father. (Emphasis added)
The 1965 court, in its finding of paternity, noted the above rule that an action for support under this section must be brought during the lifetime of the father. No such action was brought by appellants during his lifetime, and as such this was precluded. Even under the Uniform Paternity Act, it was not essential that the 1965 court make a finding of fact concerning the paternity of appellants, and the third element for the imposition of the doctrine of collateral estoppel is again not satisfied. As a consequence, in the present case the lower court erred in barring the action of appel-lees under § 91-1-15 on the basis of issue preclusion, for the requirements prerequisite to the imposition of the doctrine of collateral estoppel were not satisfied.
The lower court determined without any explanation that the doctrine of res judicata, or more precisely “claim preclusion” was applicable to the present case. Generally, four identities must be present before the doctrine will be applicable:
(1) identity of the subject matter of the action;
(2) identity of the cause of action;
(3) identity of the parties to the action; and
(4) identity of the quality or character of a person against who the claim is made.
Dunaway, 422 So.2d at 751. In the preamble to § 91-1-15 it is stated that the statute was passed to “bestow upon illegitimates a new and additionally remedy”. This Court has stated that § 91-1-15 as amended in 1981 created a totally new cause of action in favor of illegitimates, Larsen v. Kimble, 447 So.2d 1278 (Miss.1984). As such, the third identity required for the application of res judicata, “identity of cause of action”, is not present in the case sub judice. The lower court erred in applying the doctrine.
CONCLUSION
For the foregoing reasons the decision of the lower court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.