MYERS, P.J.,
 

 for the Court:
 

 ¶ 1. Advanced Construction Technologies Limited (ACT) brought suit against Broadway Inn Express, LLC, and Mohammad Moeini, its operator and owner. ACT alleged that Moeini had failed to pay approximately $87,700 due on a construction
 
 *106
 
 contract. Moeini counterclaimed, alleging that ACT had damaged his property and had produced incomplete, untimely, and poor quality work. Following a bench trial, the circuit court awarded ACT damages in the amount of $37,667.51, plus interest and attorneys’ fees. Moeini appeals.
 

 FACTS
 

 ¶ 2. Broadway Inn Express operated a hotel of the same name in Biloxi, Mississippi. On August 29, 2005, Broadway Inn was severely damaged by Hurricane Katrina, including the complete loss of two of its three hotel structures. The surviving structure was damaged when it was inundated with approximately three feet of water. The hotel building also lost approximately eighty percent of its roof.
 

 ¶ 3. In late January 2006, James Davis of ACT submitted a proposal for repairs to be performed on the surviving structure. Based upon the proposals submitted in January 2006, the parties entered into two contracts on February 10, 2006. One of the contracts pertained to the exterior of the hotel, the other to the interior. The tentative aggregate price of the two contracts totaled $200,000.
 
 [1]
 
 On March 6, 2006, the parties entered- into another contract which provided a total contract price of $193,000. This contract contained the same terms as the prior contract, but the $7,000 difference in contract price represented materials already purchased by Moeini. Work under the contract began in February 2006 and was concluded by June 2006.
 

 ¶ 4. On November 9, 2006, ACT filed suit, alleging that Moeini had failed to completely satisfy ACT’s initial invoices, and had entirely failed to pay the final invoice. In total, ACT alleged that Moeini had paid only $160,000 of the final amount due under the final contract, approximately $197,000.
 
 [2]
 
 Moeini counterclaimed, arguing that ACT breached the contract and caused him damages by failing to complete the repairs in a satisfactory manner. The trial court ruled in ACT’s favor, and this appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 5. An appellate court affords a circuit court judge sitting without a jury the same deference as a chancellor.
 
 City of Jackson v. Perry,
 
 764 So.2d 373, 376 (¶ 9) (Miss.2000) (citing
 
 Puckett v. Stuckey,
 
 633 So.2d 978, 982 (Miss.1993)). That is, after reviewing the entire record, we will affirm if the judge’s findings of fact are supported by substantial, credible evidence and are not manifestly wrong or clearly erroneous.
 
 Id.
 
 Errors of law are reviewed de novo.
 
 Id.
 
 (citing
 
 Cooper v. Crabb,
 
 587 So.2d 236, 239 (Miss.1991)).
 

 DISCUSSION
 

 1. Testimony Regarding an Additional $10,000 Payment
 

 ¶ 6. ACT alleged that it submitted a total of four invoices to Moeini for the costs of the repairs. The first invoice was for $45,670.10, of which Moeini paid $45,000. The second invoice was for $53,706.39, of which Moeini paid $50,000. The third invoice was for $65,451.81, of which Moeini paid $65,000. A final invoice,
 
 *107
 
 for the balance of the contract, was not paid.
 
 [3]
 

 ¶ 7. At trial, Moeini acknowledged that he had not paid the full balance of the first three invoices. He also admitted that he had not paid the final invoice. Moeini alleged, however, that he had made an additional $10,000 payment, and that he had therefore paid $170,000 on the invoices. The trial court disagreed, finding that only $160,000 had been paid.
 

 ¶ 8. On appeal, Moeini argues that his testimony regarding the additional payment was uncontradicted, and that the trial court therefore erred in disregarding it in computing the amount paid under the contract. Moeini cites to our decision in
 
 Day v. Ocean Springs Hospital System,
 
 923 So.2d 246 (Miss.Ct.App.2006). There, we stated:
 

 In
 
 Hulitt [v. Jones,
 
 220 Miss. 827, 72 So.2d 204 (1954) ], the supreme court stated that “the testimony of a witness which is not contradicted, either by direct evidence or by circumstances, must be taken as true.”
 
 Id.
 
 at 833, 72 So.2d at 207. The court stated that a chancellor or a jury does not have an arbitrary right to disregard undisputed testimony that is not inherently improbable, incredible, or unreasonable.
 
 Id.
 
 Such testimony must be accepted as true even if the witness is a party or is interested in the case.
 
 A & F Prop., LLC v. Lake Caroline, Inc.,
 
 775 So.2d 1276, 1282 (¶ 17) (Miss.Ct.App.2000) (quoting
 
 Lucedale Veneer Co. v. Rogers,
 
 211 Miss. 613, 635, 53 So.2d 69, 75 (1951)).
 

 Id.
 
 at 250 (¶ 15). Moeini also cites to the testimony of Davis, who stated on cross-examination by Moeini’s attorney that he “[couldn’t] remember” receiving a $10,000 check from Moeini on a certain date.
 

 ¶ 9. In reviewing the record, we do not find Moeini’s testimony was uncontrovert-ed. While it is true that Davis did not expressly deny receiving a $10,000 check, he did testily that ACT had only been paid a total of $160,000 — not $170,000, as Moeini alleges — on the contract. This issue is without merit.
 

 2. Exclusion from Evidence of a $10,000 Cancelled Check
 

 ¶ 10. At trial, Moeini attempted to introduce into evidence a $10,000 cancelled check that he alleged documented an additional payment on the contract balance. The trial court excluded the check because Moeini had failed to produce it in response to ACT’s discovery requests.
 

 ¶ 11. On appeal, Moeini argues that the trial court erred in excluding the check, but he cites no authority in support of this proposition. Failure to cite relevant authority to support a party’s arguments precludes this Court from considering an issue.
 
 Ruff v. Estate of Ruff,
 
 989 So.2d 366, 372 (¶ 24) (Miss.2008). This issue is therefore procedurally barred from our review.
 

 3. Specific Findings of Fact Regarding Moeini’s Counterclaims
 

 ¶ 12. At trial, Moeini counterclaimed, alleging that he suffered damages as a result of ACT’s poor work under the contract. Specifically, he alleged that ACT produced “unworkmanlike drywall finishing on the walls and ceilings,” “shoddy painting which did not adequately cover the painted surface,” “doors which did not shut flush with door jams,” and that ACT
 
 *108
 
 had not properly installed toilets. He also alleged that ACT “broke several mirrors and marble counters for which they only reimbursed Mr. Moeini for approximately fifteen to twenty percent of the replacement costs,” and that ACT cut holes in marble countertops that were too large for the tissue dispensers that were intended to be placed in them. On appeal, Moeini alleges that the trial court failed to address his counterclaims in its judgment.
 

 ¶ 13. Mississippi Rule of Civil Procedure 52(a) states that in bench trials, “the court may, and shall upon the request of any party to the suit or when required by these rules, find the facts specially and state separately its conclusions of law thereon and judgment shall be entered accordingly.” In
 
 Tricon Metals & Services, Inc. v. Topp,
 
 516 So.2d 236, 238 (Miss.1987), the supreme court stated:
 

 Ordinarily this Court will not reverse findings of fact made by a trial court sitting without a jury where those findings are supported by substantial credible evidence in the record. This is as true of ultimate facts as of evidentiary facts.
 

 Put another way, this Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court be manifestly wrong.
 

 But what do we do when no findings of fact have been made? One vehicle developed over the years is that we imply findings of fact, for we are required by our prior decisions and by sound institutional considerations to proceed on the assumption that the chancellor resolved all such fact issues in favor of the appel-lee. Further, when there are no specific findings of fact, we sometimes assume the trial judge made determinations of fact sufficient to support the judgment.
 

 (Citations and internal quotations omitted). In a case that “is hotly contested and the facts greatly in dispute and where there is any complexity involved therein,” an appellate court may find the trial court’s failure to issue findings of fact and conclusions of law is an abuse of discretion.
 
 Id.
 
 at 239. However, where the case is not “terribly complex from a factual standpoint” and the final judgment gives this court an adequate record to review, we will not find an abuse of discretion.
 
 Pilgrim Rest Missionary Baptist Church ex rel. Bd. of Deacons v. Wallace,
 
 835 So.2d 67, 74-75 (¶ 18) (Miss.2003).
 

 ¶ 14. In reviewing the record, we do not find an abuse of discretion in the trial court’s failure to make findings of fact regarding its denial of Moeini’s counterclaims. This was not a complicated case. Only one witness testified for each side at trial, and Moeini’s allegations were unspecific and uncorroborated. They were also affirmatively denied by Davis. Moeini acknowledged that he had never made a written demand or complaint regarding the work prior to filing his counterclaim. He also offered no documentation regarding the cost of repairs — if any were undertaken — or an estimate of the lost value of his property. Additionally, it was uncontroverted that Broadway Inn reopened and began renting all of its rooms immediately after ACT completed its work on June 18, 2006. In short, we find that the chancellor’s findings were supported by substantial evidence and that the testimony regarding the counterclaim was not so complex as to require specific findings of fact. This issue is without merit.
 

 4. Inclusion in Judgment of Furniture Installation Costs
 

 ¶ 15. The trial court included a $4,992.69 charge for the installation of hotel furniture in its judgment against
 
 *109
 
 Moeini. At trial, Moeini acknowledged that he had instructed ACT to install the furniture and that this work was not included in calculating the original contract price. ACT produced an itemized invoice detailing its charges for labor and materials relating to the furniture installation.
 
 [4]
 

 ¶ 16. On appeal, Moeini argues that the damages assessed by the trial court were “nothing other than speculation or conjecture” because ACT offered an insufficient explanation of how it determined the charges assessed on the invoice. He also appears to argue that ACT may not recover because he does not agree with the charges assessed.
 

 ¶ 17. We find this issue procedural^ barred because Moeini has again failed to cite authority in support of his arguments.
 
 Ruff,
 
 989 So.2d at 372 (¶ 24).
 

 ¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . The contracts were "unit price,” meaning that the final amount due would be based on work actually completed and materials actually purchased. Estimates of the unit costs of labor and materials were attached to the contracts. Furthermore, the parties agreed that labor or materials could be added or subtracted from the contract by subsequent agreement.
 

 [2]
 

 . The final invoice reflected numerous unit adjustments to the original contract price.
 

 [3]
 

 . The fourth invoice was for $32,667.51. It stated that $165,000 had been paid to date. At trial, however, Davis, the owner of ACT, testified that only $160,000 had been paid, and that the invoice reflected a computational error. The trial court agreed and expressly found that $160,000 had been paid under the contract.
 

 [4]
 

 . For example, the invoice assesses charges of $12.50 each for the assembly of twenty-seven bed frames and $20 each for the installation of twenty-four mirrors.