396 So.2d 43 (1981)
W.H. HOPPER AND ASSOCIATES, INC. and Walter V. Hopper, Sr.
v.
William J. DUNAWAY et ux.
No. 52470.
Supreme Court of Mississippi.
April 1, 1981.
James W. Amos, Hernando, for appellants.
Robert L. Williams, Hernando, for appellees.
Before SMITH, P.J., and LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellees William J. and Mary Lee Dunaway filed their bill of complaint in the Chancery Court of DeSoto County against W.H. Hopper and Associates, Inc., appellant, and James E. McGehee & Co., Inc. After the suit was filed W.V. Hopper, Sr. filed his motion to intervene, and the motion was granted by the chancellor. Walter V. Hopper, Sr. is an appellant in the cause along with W.H. Hopper and Associates, Inc.
The original bill of complaint was an alternative suit for specific performance or a money decree. Appellees purchased a house and lot from the owner and builder, W.H. Hopper and Associates, Inc., less than a year prior to the present suit being filed. The suit was based on the alleged warranty of the builder and seller as to the construction completion of the residence and the failure of W.H. Hopper and Associates, Inc. to complete certain work promised to be completed that was included in the purchase price. An original defendant in the suit was James E. McGehee and Company, Inc., the holder of the deed of trust on the property secured at the sale closing. By agreement of the parties, this defendant later was dismissed and is no longer a party to the cause.
There are several assignments of error by the present two appellants. All but *44 one assignment is directed toward the money decree rendered by the chancellor. He found that appellant W.H. Hopper and Associates, Inc. failed in its duty to complete the house and premises as agreed and that Mr. and Mrs. Dunaway were entitled to a money judgment for damages for this failure in the sum of $7,126.18. We dispose of the alleged errors concerning this money decree against the corporate defendant merely by stating that the evidence was abundant to justify and require the chancellor making its finding and directing its decree that the corporate appellant failed in its duty and owed appellees the damages stated.
This leaves the primary question in the case the procedure taken by appellees under the lis pendens statute as hereinafter set out. At the time the suit was filed, on May 7, 1979, the corporate appellant owned the property next door to the property purchased by appellees. At the time of filing of the suit, a lis pendens notice was placed on the proper record in the office of the chancery clerk upon the next-door property. Appellant corporation filed a cross bill of complaint affirmatively alleging that the Dunaways were not entitled to a lis pendens lien on the next-door corporate property. On July 18, 1979, it developed that the corporation, through its president and sole stockholder, W.H. Hopper, had transferred the next-door property to Hopper's father, W.V. Hopper, Sr. On July 18, 1979, Hopper, Sr. filed an application for permission to intervene in the suit, which was granted. He then filed a motion to expunge the property purchased by him from the lis pendens notice. This request to expunge was denied by the lower court.
The chancellor in his final decree and after rendering the money decree further held that appellees, because of the lis pendens notice and the court's former ruling denying the request to expunge the notice from the clerk's records, were entitled to a lien on the next-door property in satisfaction of the money decree. He directed that if the decree was not satisfied within fifteen days that appellees could proceed with a judicial sale to sell the property described in the lis pendens notice in the manner authorized by law.
We hold that it was error for the lower court to decree that the lis pendens notice established a lien on the next-door property that was not involved in the money decree against the corporate defendant. The lis pendens statute is as follows:
Mississippi Code 1972 Annotated, Section 11-47-3:
When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right to, or interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled, in the county in which the real estate is situated, such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all the parties to the suit, a description of the real estate, and a brief statement of the nature of the lien, right, or interest sought to be enforced. The clerk shall immediately file and record the notice in the lis pendens record, and note on it, and in the record, the hour and day of filing and recording.
It is obvious that the relief requested in the bill of complaint filed by appellees was not to enforce a lien upon, right to, or interest in the next-door property of corporate defendant.
In the case of Paxton v. First National Bank of Greenville, 155 So. 185 (Miss. 1934), a similar situation existed, and in denying a lis pendens lien on appellant's real property to secure a deficiency judgment, we said:
The lis pendens could not operate to establish any lien on the property for the reason that the bill was not to enforce any lien, right to, or interest in, any real estate. The bill in this case shows beyond cavil that the First National Bank of Greenville had no interest whatever in the Greenville property of Mrs. Paxton. It merely sought to impound it for the payment of its debt.
*45 In 54 C.J.S., Lis Pendens § 9, we find the following:
At common law and under statutory provisions as to lis pendens not altering the common law in this respect, lis pendens may not be predicated on an action or suit seeking merely to recover a personal or money judgment unless and until a valid judgment has been secured and made a lien against the property. It does not apply to an action of trespass, or a suit for an accounting, or to any other action or suit which does not directly affect property.
In 51 Am.Jur.2d, Lis Pendens, § 17, it states:
Although the extent to which particular property must be "involved in", or "affected by", litigation in order to render the doctrine of lis pendens applicable may, of course, be governed by statute, it is clear that some form of identifiable "property" must be directly involved in the litigation, and, further, that the litigation to which the doctrine is sought to be applied must "involve" the particular property to which the doctrine is sought to be applied.
We therefore are forced to hold that the lower court was in error in failing to expunge the lis pendens notice on the property next door to the property involved in the suit. We heretofore have related the facts shown in the present record regarding the transfer of the property from appellant corporation by its president and sole stockholder to the president's father; all after the present suit was filed.
We therefore hold that the money decree rendered by the chancellor should be affirmed; the part of the decree establishing a lien on the next-door property and ordering judicial sale is reversed and rendered here for appellants.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.