422 So.2d 749 (1982)
William J. DUNAWAY and Mary Lee Dunaway
v.
W.H. HOPPER & ASSOCIATES, INC., et al.
No. 53933.
Supreme Court of Mississippi.
December 1, 1982.
Robert J. Kelly, Robert L. Williams, Hernando, for appellants.
James W. Amos, Hernando, for appellees.
Before PATTERSON, C.J., and BOWLING and PRATHER, JJ.
*750 PRATHER, Justice, for the Court:
The sole issue presented here is whether a previous judicial decision, which denied a request for a lis pendens lien, bars the present action, which seeks to set aside a fraudulent conveyance involving the same property. In the proceedings below, the Chancery Court of DeSoto County apparently dismissed the present action on the basis of res judicata or collateral estoppel. We reverse.

FACTS
The appellants, William and Mary Dunaway, purchased a house and lot from the appellee, W.H. Hopper & Associates, Inc. When the appellee failed to complete certain additional work promised under this purchase contract, the appellants filed a bill of complaint in the DeSoto County Chancery Court. Their bill sought either specific performance of the contract or a money decree for the damages. Furthermore, the appellants requested and were granted a lis pendens lien on the appellee's next-door property.
Subsequently, on July 18, 1979, the corporate defendant's president, W.H. Hopper, conveyed the adjacent real estate to his father, W.V. Hopper, Sr. The elder Hopper was then permitted to intervene in the lawsuit, and he filed a motion to expunge the lis pendens notice. However, following the trial, the chancellor ruled that the appellants were entitled to damages, and he also denied the intervenors' request to expunge the lis pendens notice.
On appeal, this Court affirmed only the award of money damages. See W.H. Hopper & Associates, Inc. v. Dunaway, 396 So.2d 43 (Miss. 1981). We determined that *751 it was improper to place a lis pendens notice on the adjacent property since the appellants' bill of complaint, which sought specific performance or money damages, did not actually concern the adjacent property. In other words, the appellants' bill of complaint was not filed "to enforce a lien upon, right to, or interest in the next-door property" of the corporation. Id. at 44.
The Dunaways began this second lawsuit when the money judgment affirmed by this Court remained unpaid. Their petition sought to set aside the conveyance of the next-door property; and it further requested that said property be sold to satisfy the judgment. In response, the appellees filed a motion to dismiss the appellants' motion on the grounds of either res judicata or collateral estoppel. The chancellor sustained the appellee's motion, but failed to state any legal justification for his decision. Therefore, this Court must address both grounds alleged by the appellees.

LAW
The sole question as stated above is whether the doctrine of res judicata, or its subsidiary doctrine of collateral estoppel, bars the present action.
Generally, four identities must be present before the doctrine of res judicata will be applicable: (1) identity of the subject matter of the action, (2) identity of the cause of action, (3) identity of the parties to the cause of action, and (4) identity of the quality or character of a person against whom the claim is made. Mississippi Employment Security Commission v. Georgia-Pacific Corp., 394 So.2d 299 (Miss. 1981); Cowan v. Gulf City Fisheries, Inc., 381 So.2d 158 (Miss. 1980); Standard Oil Co. v. Howell, 360 So.2d 1200 (Miss. 1978). If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit. Pray v. Hewitt, 254 Miss. 20, 179 So.2d 842 (1965); Golden v. Golden, 246 Miss. 562, 151 So.2d 598 (1963). In other words, "the doctrine of res judicata bars litigation in a second lawsuit on the same cause of action `of all grounds for, or defenses to, recovery that were available to the parties [in the first action], regardless of whether they were asserted or determined in the prior proceeding.'" Key v. Wise, 629 F.2d 1049, 1063 (5th Cir.1980), reh. denied, 645 F.2d 72 (5th Cir.1981), cert. denied, 454 U.S. 1103, 102 S.Ct. 682, 70 L.Ed.2d 647 (1981) (quoting from Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)).
When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action. Lee v. Wiley Buntin Adjuster, Inc., 204 So.2d 479 (Miss. 1967); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956). And, collateral estoppel, unlike the broader doctrine of res judicata, applies only to questions actually litigated in a prior suit, and not to questions which might have been litigated. Johnson v. Bagby, 252 Miss. 125, 171 So.2d 327 (1965).
In the two lawsuits under consideration, it is clear that there are no identical causes of action necessary to invoke the res judicata doctrine. The former suit involved an attempt to place a lis pendens notice on adjoining property pursuant to section 11-47-3 of the Mississippi Code Annotated (1972) (notice of suit affecting real estate recorded). The latter suit is an effort to set aside a deed on the same property on the basis of fraud under section 11-5-75, Mississippi Code Annotated (1972) (creditor may attack fraudulent conveyance). Not only are these two causes of action grounded in different statutes, they also involve entirely different classes of litigants. The lis pendens statute was enacted for those who claimed to rightfully own an interest in the property. Fernwood Lumber Co. v. Meehan-Rounds Lumber Co., 85 Miss. 54, 37 So. 502 (1904). But, the statute permitting an attack on fraudulent conveyances was devised for the protection of creditors who had no specific interest in the land.
*752 Nor is the doctrine of collateral estoppel applicable under these facts. In our prior decision, we simply determined as a matter of law that the lis pendens lien was improper. There were no factual issues resolved in that case which are involved in the latter suit.
We are therefore forced to hold that the chancellor below was in error. The dismissal of the Dunaway's petition to set aside an alleged fraudulent conveyance is reversed, and this cause remanded. The lower court is directed to conduct a full hearing after proper responsive pleadings have been filed.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG and WALKER, P.JJ., and BROOM, ROY NOBLE LEE, HAWKINS, BOWLING and DAN M. LEE, JJ., concur.