# IN THE COURT OF APPEALS 08/06/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 94-CA-00231 COA

**HARRY A. STEWART, SR. AND BETTY D. STEWART**

**APPELLANT**

**v.**

**MERCHANTS NATIONAL BANK, VICKSBURG, MISSISSIPPI**

**APPELLEE**

**CONSOLIDATED WITH**

**NO. 90-CA-00410 COA**

**MERCHANTS NATIONAL BANK APPELLANT**

**V.**

**HARRY A. STEWART, SR. AND BETTY STEWART APPELLEES**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

McMILLIN, J., DISSENTING:

I respectfully dissent. In my opinion, the Stewarts in this case are attempting to collect monetary damages that were collectible only in the contempt proceeding reported as *Merchants National Bank v. Stewart*, 523 So. 2d 961 (Miss. 1988), and which the majority has referred to as "*Stewart* I." The majority opinion states quite correctly that the Stewarts are seeking "bad faith" damages, both compensatory and punitive, from the Bank for its "failure to foreclose on the first deed of trust, and its subsequent citation for contempt."

The evident problem with permitting them to do so is that these damages were properly recoverable in the contempt proceeding itself, but were apparently not sought and certainly were not awarded, either at the trial level or in the subsequent appeal, as a reading of the reported decision will readily demonstrate. The first time this claim by the Stewarts for such damages was raised was as a counterclaim in the subsequent interpleader action to determine the proper distribution of sales proceeds from the foreclosure that was mandated by the appeal in "*Stewart* I."

That was too late. The right to claim such damages was, at that point, unavailable to the Stewarts under the doctrine of res judicata. There are four identities necessary for the doctrine of res judicata to apply: (1) identity of subject matter, (2) identity of cause of action, (3) identity of parties, and (4) identity of character of the entity against whom a claim is asserted. *Dunaway v. W.H. Hopper & Assocs., Inc.,* 422 So. 2d 749, 751 (Miss. 1982). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, *as well as all matters which should have been litigated and decided in the prior suit." Id.* at 751. The identities are certainly present in this case. The claim (1) involves the bank's allegedly wrongful acts that resulted in the contempt proceeding, (2) the damage claims are clearly incidental to the contempt action and were certainly recoverable in that action, (3) the parties are exactly the same, and (4) the bank appears in the same character in both the contempt proceeding and this subsequent action.

I would affirm the decision of the trial court.

**FRAISER, C.J., AND SOUTHWICK, J., JOIN THIS DISSENT.**