## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00079-SCT

*BRANTLEY WILLIS*

*v.*

*THE HONORABLE KIRK FORDICE, GOVERNOR OF*
*THE STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/93 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHOKWE LUMUMBA |
| ATTORNEY FOR APPELLEE: | JAMES F. STEEL |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 1/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

Brantley Willis appeals the George County Circuit Court's denial of his Motion for Temporary Restraining Order and a Preliminary Injunction that would bar the Governor from acting under a State - Tribal Compact with the Mississippi Band of Choctaw Indians. Willis lists the following issues on appeal.

### ISSUE I.

**WHETHER THE CIRCUIT COURT HAS JURISDICTION TO HEAR THE CASE.**

### ISSUE II.

**WHETHER WILLIS HAS STANDING TO SEEK JUDICIAL REVIEW.**

## ISSUE III.

## WHETHER WILLIS' CLAIM IS BARRED BY THE DOCTRINE OF RES JUDICATA AND/OR COLLATERAL ESTOPPEL.

## ISSUE IV.

## WHETHER THE GOVERNOR HAD THE AUTHORITY TO ENTER TRIBAL - STATE COMPACT.

Willis assigns as error that the Circuit Court lacked jurisdiction to decide whether the Governor of Mississippi has the authority to enter a State - Tribal Compact (Compact) with the Mississippi Band of Choctaw Indians (MBCI) for casino gambling on the Choctaw reservation. Willis' challenge has merit. Willis argues that "[o]ur circuit courts are courts of general subject matter jurisdiction having authority to hear and adjudge all 'matters civil' subject matter jurisdiction of which is not vesting in some other court." *Dye v. State*, 507 So. 2d 332, 337 (Miss. 1987). The narrow issue presented by Willis requires a determination as to whether the Governor had the authority under the laws of Mississippi to enter the Compact. The circuit court is competent to hear this matter.

The Governor claims that Willis does not have standing to seek judicial review on the matter. This Court embraces a less stringent definition of standing than that found in other jurisdictions. *Van Slyke v. Board of Trustees of State Institutions of Higher Learning*, 613 So. 2d 872 (Miss. 1993). As such, Willis' commercial and personal ties to the reservation provide standing sufficient to bring this claim.

The Governor argues that Willis' claim is barred by the doctrine *res judicata* and/or collateral estoppel. The Governor is correct. The action appealed here comports with the four identities necessary to apply the doctrine of *res judicata. Murphree v. Aberdeen-Monroe County Hospital*, 671 So. 2d 1300 (Miss. 1996); *Dunaway v. W.H. Hopper & Associates, Inc.,* 422 So. 2d 749 (Miss. 1982). The action brought by Willis requires relitigating a matter already decided by the federal court and is, therefore, barred based on the doctrine of *res judicata.*

Willis claims that the Governor did not have the authority to enter the Compact just as the Governor of Kansas was found to be without the statutory authority in *Kansas v. Finney*, 836 P.2d 1169 (Kan. 1992). This argument must fail because in *Finney* the Kansas governor was granted limited statutory authority in comparison to Mississippi's governor. Mississippi Code Ann. § 7-1-13 (1972).

## CONCLUSION

While state law supports Willis' contentions that the circuit court has jurisdiction in the matter regarding the Governor's authority, and that he has standing to challenge the Governor's action, Willis' request for injunctive relief is barred by the doctrine of *res judicata*. The question regarding the Governor's authority to enter the Compact need not be addressed to reach a decision in the instant case.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**