650 So.2d 1371 (1995)
Harold E. HOLLIS
v.
Blanche N. HOLLIS (UPTON).
No. 93-CA-00482-SCT.
Supreme Court of Mississippi.
February 16, 1995.
Rehearing Denied March 30, 1995.
*1372 John Robert White, Jackson, E. Michael Marks, Jackson, for appellant.
Katherine S. Kerby, Gholson Hicks Nichols & Ward, Columbus, for appellee.
Before HAWKINS, C.J., and JAMES L. ROBERTS, Jr., and SMITH, JJ.
HAWKINS, Chief Justice.
The majority of the contentions in this case arise from an antenuptial agreement entered into by the parties on July 16, 1986. Four years later, in July of 1990, Harold E. Hollis (hereinafter Harold) and Blanche Hollis (hereinafter Blanche) joined in a Consent to Divorce decree on the grounds of irreconcilable differences. A final Judgment of Divorce which enforced portions of the antenuptial agreement was then entered on December 17, 1990, by Judge Woodrow W. Brand in the Chancery Court of Lowndes County. On January 15, 1991, Harold appealed the final judgment to this Court, which affirmed the lower court's decision on January 15, 1992. Hollis v. Hollis, 594 So.2d 1149 (Miss. 1992). A Petition for Rehearing was then filed in February of 1992 and was denied on March 25, 1992. Hollis, 594 So.2d 1149.
In September of 1992, Blanche remarried. Soon thereafter, on October 19, 1992, Harold filed a Motion for Modification of Final Judgment of Divorce and For Alternative Relief. On November 16, 1992, Blanche filed an Answer to this motion and a hearing was held in front of Judge Brand on April 12, 1993. Ten days later, Judge Brand entered a Decree which denied Harold's Motion for Modification of Final Judgment of Divorce and For Alternative Relief.
Aggrieved by the court's decision, Harold filed a Notice of Appeal on April 29, 1993.

FACTS
On July 16, 1986, the soon-to-be-married Harold Hollis and Blanche Bobitt entered into an antenuptial agreement. This agreement reads in part:
NOW, THEREFORE, in consideration of the marriage about to be entered into *1373 by and between said parties and the further consideration of mutual agreements herein contained the parties hereto agree as follows:
1. Husband and wife intend to marry each other soon, and it is agreed that after such marriage all the properties of any name or nature, real or personal, belonging to husband before marriage shall be and remain forever, his personal estate, excepting the following conditions of intent.
(a.) Husband [Harold] agrees to bestow his retirement benefits with a reasonable and comfortable monthly income to his wife [Blanche] so long as she may live.
(b.) The promise of intent to provide the home for the wife so long as she may live.
2. All properties of any name or nature, real or personal, wherever the same may be found which belong to wife before marriage, shall be and remain forever her personal estate.
3. It is agreed that after the marriage, all monies earned, interest, rents, and profits of any nature will be shared equally. It is agreed that all property, real or personal, acquired after the marriage, shall be shared and owned equally.
Four years later, the couple decided to go their separate ways. On July 23, 1990, Harold and Blanche signed a Consent to Divorce which reads:
Come now Blanche N. Hollis and Harold E. Hollis and each give their consent to a divorce on the grounds of irreconcilable differences as provided for by Mississippi Code Annotated § 93-5-2, as amended in March, 1990. The parties each agree that they wish a divorce on the grounds of irreconcilable differences and consent specifically to the stipulation that all issues raised by the pleadings including but not limited to all property rights, alimony rights, contract rights, and all financial issues not agreed upon in this consent and agreement shall be determined by the court and that the determination given shall be a binding and lawful judgment subject to right of appeal.
A Final Judgment of divorce was entered on December 17, 1990, by Judge Brand in the Chancery Court of Lowndes County. Parts IV. and V. of the judgment deal with post-divorce payments to be made by Harold to Blanche and the division of property:

IV.
The Court does specifically enforce the terms of the agreement entered into by the parties in paragraph 1(a) and Harold E. Hollis is directed to pay unto Blanche N. Hollis the amount of $650.00 per month due on the 1st of each succeeding month beginning November 1, 1989.

V.
The parties stipulated at the time of trial and the court does hereby approve and adopt as part of this decree those stipulations that Blanche N. Hollis is awarded exclusive ownership, possession and control of a 1987 Buick automobile and she is to assume any outstanding indebtedness thereon; Blanche N. Hollis shall execute, if not already done so, an assignment to Harold E. Hollis to a 1988 Southwind motor home; Harold E. Hollis assumes and will pay all outstanding debt on the 1988 Southwind motor home; Blanche N. Hollis shall assign any interest she may have in the Hideaway Harbor Resort contract to Harold E. Hollis and Harold E. Hollis assumes and pays any debt associated with the Hideaway Harbor Resort; Blanche N. Hollis has no claim to the former marital residence wherein Harold E. Hollis now resides; Harold E. Hollis has no claim to the mobile home in which Blanche N. Hollis now resides; all items of personal property have been previously divided.
Harold filed a Notice of Appeal to this original case on January 15, 1991. In his brief on appeal he cited as issues to be considered:

*1374 1. The trial court erred by considering the document entitled "antenuptial Agreement" as a basis for its decision because the document was never accepted into evidence and was not properly before the court for its consideration.
2. The trial court, if it did not err in considering the document entitled "antenuptial Agreement" in reaching its decision because it was not accepted into evidence, erred in finding that said agreement was enforceable, and should have found that said agreement was unenforceable because it was not the entire document and/or because it is too vague, uncertain, inconsistent and contradictory.
3. The trial court, if it did not err in considering the document entitled "antenuptial Agreement" as a basis for its decision because it was never accepted into evidence and in finding that said agreement was enforceable, erred in its interpretation of said agreement by not considering the whole of the document and by enforcing only one fragmentary portion thereof, thereby creating an unjust result.
After reviewing the original appeal, this court affirmed the ruling of the lower court per curiam on January 15, 1992. Hollis v. Hollis, 594 So.2d 1149. Harold responded by filing a Petition for Rehearing in February of 1992. In that petition he listed as issues:
I.
Whether the Chancery Court of Lowndes County, Mississippi, erred in specifically enforcing only one term of the purported agreement, and not the agreement as a whole.
II.
Whether the Chancery Court of Lowndes County, Mississippi, erred in basing its judgment on a document which was never accepted into evidence where there was conflicting testimony as to the completeness of said document.
This petition was denied on March 25, 1992. Hollis, 594 So.2d 1149.
On September 4, 1992, Blanche remarried. By October 19, 1992, Harold filed a Motion for Modification of Final Judgement of Divorce and for Alternative Relief. In this Motion he asked that the judge modify the antenuptial agreement to excuse him "from further `bestowing his retirement benefits ... to his wife so long as she may live' since it is clearly now and was not then the intent of the parties that the said Movant should ever continue to support another man's wife." He further requested that Paragraph 3 of the agreement be enforced so that:
`... all property, real or personal, acquired after the marriage shall be shared and owned equally,' and in such event, the Movant prays for a full and complete accounting of the present estate, assets, both real and personal, and net financial worth of the Respondent [Blanche] after which time the Court should divide and apportion equally all of the property of the Movant [Harold] and Respondent equally between each other.
In conclusion he asked the court to excuse him from making further payments to Blanche or, in the alternative, to order an accounting of Blanche's estate and assets and to grant him ownership of all property, real or personal, acquired by Blanche since their marriage or "more specifically, since any such time as the Respondent might have acquired such estate or assets, including income and earnings, since the marriage of the parties." Finally, he requested the court to have Blanche refund to him $22,750.00 "or any additional sum paid to the Respondent up until a hearing of this Motion that has been advanced to the Respondent by the Movant since the date of the divorce since the inequities between the parties are now so great and since the Movant is practically destitute."
On November 16, 1992, Blanche filed an Answer in which she stated that Harold's Motion should be dismissed as it failed to state a cause of action for which relief could be granted and further that:

*1375 The allegations of the Motion for Modification of the Final Judgment of Divorce and for Alternative Relief are barred as a result of the application of res judicata and/or are moot as a result of a Final Decree of Divorce entered into in Cause # 24,787, appealed to the Mississippi Supreme Court with Docket # 91-CA-0068, as the issues raised by the present pleading were adjudicated in said appeal and same asserted in the Petition for Rehearing filed in said cause.
She also went on to state that:
... since rendition of the Final Judgment on December 17, 1990, there has been [no] material change in facts and circumstances that would warrant the court to modify the terms and conditions of the Final Judgment dated December 17, 1990. The noted judgment is an enforcement of a contract right, not an application of marital support laws. The fact that Blanche Upton entered into matrimony on September 4, 1992, is admitted but same is irrelevant. At the time of the execution of the antenuptial agreement, Blanche Upton was not married to Eugene Hollis[1] and the reference to "his wife" in Paragraph 1(A) referred to "Blanche," who was at that time not the wife of Harold E. Hollis and also as of the time of the enforcement of the antenuptial agreement and thereafter, as reaffirmed by the Mississippi Supreme Court, not the wife of "Eugene" and the reference of "his wife" to Blanche at the time of enforcement was at a time that she was not then married to Harold E. Hollis. Defendant would show in the affirmative that at all times leading up to the execution of the antenuptial agreement and at all times since the enforcement of the said antenuptial agreement, Blanche has not been the wife of Harold E. Hollis, although the clear intent that the reference to "his wife" is to Defendant in this cause.
A hearing was held in front of Judge Woodrow Wilson Brand on April 12, 1993. At this hearing Harold testified on direct examination that his monthly income was $1,200.00. On Harold's cross-examination the following colloquy concerning his financial status took place:
Q. Mr. Hollis, I believe at the time of the previous trial you were at that time retired and on disability; is that correct?
A. That's correct.
Q. At that time you were also receiving Social Security?
A. That's correct.
Q. And at that time you were receiving payments for the sale of a business known as Steens Superette?
A. That's not correct.
Q. I believe your testimony at the trial was that you had previously assigned that note to you daughter. Is that correct?
A. I had to.
Q. And that's what you testified to previously.
A. Yes.
Q. So none of those things have changed, then, since the trial  the payments on the note, Social Security, or the payments on your disability retirement?
A. I don't get any payments from that note.
Q. Correct. According to your testimony, that's the same as your testimony in the previous trial. That's what you told us then, isn't it?
A. I don't understand the question.
Q. Do you not recall telling the Court during the divorce trial that at that time you did not receive payments from Steens Superette.
A. Well, that's right.
Q. So there's been no change in your testimony from the day of the divorce *1376 trial to the date of today, has there, on those assets?
A. Not on that.
Q. And have you received a cost-of-living increase on your Social Security?
A. I believe it was Four Dollars a month, yes.
Q. And have you received a ten percent increase each year on your retirement income 
A. I have not.
Q. Are you still turning those payments on the store over to your daughter?
A. She's  She's getting those payments from the store because 
Q. Is that the same daughter that you now testify that you're taking out loans from?
A. That's correct.
Q. Has there been any other change in your financial condition other than what you've told the court today?
A. No, I don't think so.
Counsel for Blanche at one point during their cross-examination of Harold spoke of the petition for rehearing filed by Harold's attorney in the first appeal:
Q. Well, let me ask you a question. Referring to the fourth page of this document at the top, do you see where your attorney alleged that, at the time that this petition was filed in the Mississippi Supreme Court, February 10, 1992, that you had a gross income of Twelve Hundred and One Dollars?
A. Well, that's a dollar more than I said. Yes, I see that.
Q. So there's been no change from what your lawyer said then as to what you're saying now, has there, except for the One Dollars?
A. I don't really know how he got the Twelve Hundred and One Dollar.
Q. You don't know any difference, then, between what you're saying now and what was said on your behalf then?
A. There is some difference. There's One Dollar. My insurance increases, and I get like a two to four percent raise, but my insurance increases much more than that.
After Harold testified at the hearing, his side rested, and Blanche submitted to direct examination by her own attorney:
Q. And are you employed in the same employment as you were at the time of the divorce?
A. Yes, I am.
Q. Has there been any significant change in your income?
A. No.
At the conclusion of the hearing, Judge Brand issued a bench opinion:
The motion before the Court is an attempt to retry original issues. Those issues were heard by this Court, appealed and affirmed by the Mississippi Supreme Court. It was the parties themselves who prepared and entered into the antenuptial agreement and that vested contracted right and interest has been determined and monthly value established. It is a contracted property right and not alimony by any mean.
The relative financial condition of the parties remains substantially unchanged and the allegation of remarriage by the respondent does not constitute a material change of circumstances to warrant or justify relief requested.
Therefore, the relief sought by movant will be denied. Each party having their own separate estate, accordingly, are [sic] responsible for their own attorney's fees.
All costs of this proceeding are taxed to the movant.
On April 22, 1993, Judge Brand filed his final Decree:
This matter came on to be heard upon the Motion for Modification of Final Judgment of Divorce and for Alternative Relief filed herein by Harold E. Hollis and the *1377 answer thereto by Blanche N. Hollis (Upton) and the Court, after having heard testimony from the parties in open court and having received the argument of counsel, is of the opinion that all relief in said Motion for Modification of Final Judgment of Divorce and for Alternative Relief should be and is hereby denied. The Court does reaffirm the enforcement of paragraph 1, sub-paragraph (A), of an antenuptial agreement entered into between the parties dated July 16, 1986, and reaffirm that the payments made thereto of Six Hundred Fifty Dollars ($650.00) per month due and payable by the first of each month from Harold E. Hollis to Blanche N. Hollis (Upton) represents payments of a vested contractual right and is not alimony by any name.
The Court does also find that the relative financial conditions of the parties remain substantially unchanged and that the remarriage of Blanche N. Hollis (Upton) is not a material change of circumstances which would warrant or justify the relief requested.
Each party shall pay their own attorney's fees and all court costs are assessed to Harold E. Hollis.
One week later, on April 29, 1993, Harold filed a Notice of Appeal.

LAW
Judge Brand, in delivering his Bench Opinion which denied Harold's motion for modification, stated, "The motion before the court is an attempt to retry original issues. Those issues were heard by this Court, appealed, and affirmed by the Mississippi Supreme Court." Indeed, although Harold has styled this case as a motion for modification, only a small part of it could truly be characterized as an actual request for modification. The rest is a plea by Harold to retry matters which were effectively settled in the original divorce proceeding and its appeal. Because this is to a great extent an attempt to reopen issues which must be left closed, most of the above cited points can be disposed of using the well-established principle of issue preclusion or collateral estoppel. Although the chancellor does not explicitly use either of these terms, he definitely implies that he applied this doctrine in denying Harold relief. Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749 (Miss. 1982), gives three requirements for the application of collateral estoppel:
When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue [1] actually litigated, [2] determined by, and [3] essential to the judgement in a former action, even though a different cause of action is the subject of the subsequent action. Lee v. Wiley Buntin Adjuster, Inc., 204 So.2d 479 (Miss. 1967); Lyle Cashion Co. v. McKendrick, 227 Miss. 894, 87 So.2d 289 (1956).
Dunaway, 422 So.2d at 751.
The issue that Harold attempts to relitigate with his motion for modification is that of support and property division under the antenuptial agreement. He asks the judge to excuse him "from further `bestowing his retirement benefits ... to his wife so long as she may live' since it is clearly now and was not then the intent of the parties that he said Movant should ever continue to support another man's wife" and he further asks that Paragraph 3 of the agreement be enforced so that "... all property, real or personal, acquired after the marriage shall be shared and owned equally ..."
To see if this issue has been actually litigated and determined, we need look no further than the Final Judgment entered by Judge Brand in the divorce action:
IV.
The Court does specifically enforce the terms of the agreement entered into by the parties in paragraph 1(a) and Harold E. Hollis is directed to pay unto Blanche N. Hollis the amount of $650.00 per month due on the 1st of each succeeding month beginning November 1, 1989.
*1378 The parties in their Consent to Divorce asked that their property and contract rights be adjudicated and the Final Judgment shows that they were so adjudicated. Therefore, the first two requirements of collateral estoppel  that of actual litigation and determination of an issue  are satisfied.
Whether these issues were essential to the judgment is a more difficult question. However, an analysis of the record reveals that this third requirement for the application of collateral estoppel is also satisfied. Harold and Blanche requested and received a divorce on the grounds of irreconcilable differences. The statute which governs such divorces reads in part:
(3) If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the grounds of irreconcilable differences and permit the court to decide the issues upon which they cannot agree... .
Miss. Code Ann. § 93-5-2(3) (Supp. 1993).
The parties' Consent to Divorce shows that Harold and Blanche were not able to decide all the relevant issues concerning the divorce themselves and chose to let the chancellor decide them instead as the statute allows:
The parties each agree that they wish a divorce on the grounds of irreconcilable differences and consent specifically to the stipulation that all issues raised by the pleadings including but not limited to all property rights, alimony rights, contract rights, and all financial issues not agreed upon in this consent and agreement shall be determined by the court and that the determination given shall be a binding and lawful judgment subject to right of appeal.
Once Harold and Blanche chose to let Judge Brand resolve the issue of property rights for them, it was necessary and essential that he do so. "The chancellor is required to make some division of assets so that the parties may know who will have the use of or ownership of personal properties at issue." Dudley v. Light, 586 So.2d 155, 161 (Miss. 1991) (emphasis added). The fact that Judge Brand opted to follow the parties' agreement and require that parts of it be enforced does not make this determination any less essential to the judgment.
Finally, in addition to the above three requirements outlined in Dunaway, a fourth prerequisite must also be met for collateral estoppel to apply. "A final decision of an issue on its merits is normally thought of as preclusive only if there is an identity of parties from one suit to the next, and of their capacities as well." State ex rel. Moore v. Molpus, 578 So.2d 624 (Miss. 1991). As Harold and Blanche are the parties in the first suit as well as the second, this condition is easily met.
Since all of the requirements for collateral estoppel were satisfied, the lower court was precluded from relitigating the issues. Therefore, Judge Brand's refusal to do so was quite justified and is affirmed. This does not end our examination of the case below, however. There still remains a small part of the motion for modification which truly does concern modification and is not barred by collateral estoppel or issue preclusion.
The antenuptial agreement by its very language allows for alteration in the event of changed circumstances. After hearing the parties' testimony, however, Judge Brand found that "the relative financial conditions of the parties remain substantially unchanged and that the remarriage of Blanche N. Hollis (Upton) is not a material change of circumstances which would warrant or justify the relief requested." As this quotation shows, Judge Brand knew that he could modify the previous property disposition but thought that such a modification was not justified.
In examining the chancellor's findings we keep in mind that, "our familiar rule of deference prohibits us from disturbing this finding unless it is manifestly wrong/clearly erroneous." Bowers Window & Door Co. v. Dearman, *1379 549 So.2d 1309, 1312 (Miss. 1989). An examination of the record reveals nothing that would require a finding of manifest error on the part of the chancellor. Harold and Blanche both testified that their incomes had not significantly changed since the divorce proceedings and that their respective economic statuses were also unaltered. After hearing such testimony, Judge Brand was quite capable of making the ruling that he did and this court will do nothing to alter his findings.
The majority of the issues raised by Harold in his Motion for Modification of Final Judgement of Divorce and for Alternative Relief were addressed in the original divorce action. As these issues were actually litigated, determined, their determination was essential to the judgment, and as the same parties were involved in both actions, further litigation of these issues is barred by collateral estoppel. Furthermore, there is nothing in the record to suggest that the chancellor's finding of no post-divorce material change was manifestly erroneous. Therefore, the finding of the lower court is hereby affirmed.
AFFIRMED.
SULLIVAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.
BANKS, J., concurs in part with separate written opinion joined by SULLIVAN and PITTMAN, JJ.
DAN M. LEE, P.J., dissents with separate written opinion.
PRATHER, P.J., not participating.
DAN M. LEE, Presiding Justice, dissenting:
I do not agree with Blanche N. Hollis' (Blanche) contention that Harold E. Hollis (Harold) is collaterally estopped from seeking further interpretation of the ambiguous antenuptial agreement (contract) entered into by Harold and Blanche on or about July 16, 1986. Accordingly, I respectfully dissent.
In the case sub judice, it is not disputed that Blanche has remarried since her divorce from Harold. In my estimation, a "significant change" has occurred since the July 16, 1986, contract was executed and its validity upheld by this Court.[1] Blanche's remarriage has rendered the contract ambiguous and therefore, this second action initiated in the Lowndes County Chancery Court on October 19, 1992, is in fact a lawful attempt by Harold to seek to have the lower court interpret the July 16, 1986, contract in light of present circumstances. Cf. Parker v. Lewis Grocer Company, 246 Miss. 873, 153 So.2d 261 (1963) (lessor's subsequent development of adjoining land in an attempt to circumvent restrictive covenants after lessee had signed lease restricting location of competing grocery stores rendered contract ambiguous).
The majority contends that "[t]he antenuptial agreement by its very language allows for alteration in the event of changed circumstances." At 1378. While I could find no such language within the four corners of the contract (a copy of which is attached as Ex. A to this opinion) that would allow for alteration in the event of changed circumstances, and assuming arguendo that such language is in the contract, I would respectfully submit that Blanche's remarriage subsequent to her divorce from Harold and subsequent to this Court's affirmance of the lower court's decision in Hollis v. Hollis, 594 So.2d 1149 (Miss. 1992), rendered the July 16, 1986, contract ambiguous. Therefore, I would hold that Harold is entitled to have the lower court interpret the contract in light of the "changed circumstance[s]." See Boren v. Windham, 425 So.2d 1353 (Miss. 1983) (the remarriage of the recipient spouse generally will operate to terminate the right to continued receipt of alimony payments).[2]
The majority argues that Harold is collaterally estopped from challenging the validity *1380 of the chancellor's decision to enforce the July 16, 1986, contract and cites the test for collateral estoppel found in Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749 (Miss. 1982), to support this proposition. In Dunaway, we find three of the four requirements for the application of collateral estoppel:
When collateral estoppel is applicable, the parties will be precluded from relitigating a specific issue (1) actually litigated, (2) determined by, and (3) essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action.
422 So.2d at 751. The fourth requirement for collateral estoppel is that "there [be] an identity of the parties from one suit to the next, and of their capacities as well." State ex rel. Moore v. Molpus, 578 So.2d 624, 640 (Miss. 1991).
In the case sub judice, we need only look to the first element of collateral estoppel outlined in Dunaway to reach the inescapable conclusion that Harold is not collaterally estopped from seeking an interpretation of the July 16, 1986, contract in light of Blanche's subsequent remarriage. The issue of whether the contract called for Harold to pay $650.00 per month to Blanche upon her remarriage was not before this Court in Hollis v. Hollis, 594 So.2d 1149 (Miss. 1992), because Blanche had not remarried at the time this case was submitted on appeal nor had she remarried during the pendency of the first appeal. Likewise, in his first appeal, Harold could not have raised the issue of what effect Blanche's future marital status might have on the contract. This Court has long "held that the [appellate] review procedure should not be [used] for the purpose of settling abstract or academic questions, and that we have no power to issue advisory opinions." Allred v. Webb, 641 So.2d 1218, 1220 (Miss. 1994); Insured Savings & Loan Association v. State, 242 Miss. 547, 135 So.2d 703 (1961). Therefore, in the first appeal, not only did we not address the issue of what effect Blanche's remarrying would have on the contract, but we were without the power to do so at the time of the first appeal because we do not settle abstract questions nor do we have the authority to issue advisory opinions. Therefore, I submit that Harold is not estopped from seeking a judicial interpretation of the ambiguous contract.
In closing, I respectfully dissent and would not hold Harold collaterally estopped from seeking the lower court's interpretation of the ambiguous contract of July 16, 1986. Therefore, I would reverse and remand to the lower court for a hearing in which the chancellor should determine whether it was Harold's intent at the time the antenuptial agreement was executed to bestow his retirement benefits upon Blanche if they should subsequently divorce and she should then remarry. On remand, the lower court should allow parol testimony as to the surrounding circumstances to determine if the intent of the parties at the time the parties entered into the agreement. Kight v. Sheppard Building Supply, Inc., 537 So.2d 1355, 1358 (Miss. 1989).
Accordingly, I respectfully dissent.

EXHIBIT A
STATE OF MISSISSIPPI
COUNTY OF LOWNDES

ANTENUPTIAL AGREEMENT
Agreement made this the 16th day of July, A.D., 1986, between HAROLD E. HOLLIS of Lowndes County, Mississippi, intended *1381 husband, hereinafter for convenience referred to as husband, and BLANCHE N. BOBITT of Lowndes County, Mississippi, intended wife, hereinafter for convenience referred to as wife, WITNESSETH:
WHEREAS, a marriage is about to be solemnized between the said parties, husband having living children by a former wife, namely, Judy Hollis Oglesby and Allen Hollis, all of lawful age; and
WHEREAS, husband is the owner of real estate and personal property; and
WHEREAS, wife having living children by a former husband, namely, J. Franklin Bobitt and B. Lane Bobitt, all of lawful age; and
WHEREAS, wife is the owner of real estate and personal property; and
WHEREAS, this contract and all the contents thereof have been fairly and fully read by husband and wife; and
NOW, THEREFORE, in consideration of the marriage about to be entered into by and between said parties and the further consideration of mutual agreements herein contained the parties hereto agree as follows:
1. Husband and wife intend to marry each other soon, and it is agreed that after such marriage all the properties of any name or nature, real or personal, belonging to husband before marriage shall be and remain forever, his personal estate, excepting the following conditions of intent.
(a.) Husband agrees to bestow his retirement benefits with a reasonable and comfortable monthly income to his wife so long as she may live.
(b.) The promise of intent to provide the home for the wife so long as she may live.
2. All properties of any name or nature, real or personal, wherever the same may be found which belong to wife before marriage, shall be and remain forever her personal estate.
3. It is agreed that after the marriage, all monies earned, interest, rents, and profits of any nature will be shared equally. It is agreed that all property, real or personal, acquired after the marriage, shall be shared and owned equally.
This contract is an antenuptial agreement and being fully understood and read in fact by both the parties hereto, is signed and acknowledged in duplicate, a copy being retained by each of the parties hereto.
WITNESS OUR HANDS this the 16th day of July, A.D., 1986.
 /s/ Harold E. Hollis
 HAROLD E. HOLLIS
 /s/ Blanche N. Bobitt
 BLANCHE N. BOBITT
STATE OF MISSISSIPPI
COUNTY OF LOWNDES
Personally appeared before me, the undersigned authority of law in and for said state and county, the within named HAROLD E. HOLLIS, who acknowledged before me that he signed and delivered the foregoing ANTENUPTIAL AGREEMENT on the day and year therein mentioned, for the purposes therein expressed, as and for his own act and deed.
Given under my hand and official seal, this the 16th day of July, A.D., 1986.
(SEAL)
 /s/ Geraline Holliman
 NOTARY PUBLIC
My commission expires:
My Commission Expires Feb. 27, 1990
STATE OF MISSISSIPPI
COUNTY OF LOWNDES
Personally appeared before me, the undersigned authority of law in and for said state and county, the within named BLANCHE N. BOBITT, who acknowledged before me that she signed and delivered the foregoing ANTENUPTIAL AGREEMENT on the day and year therein mentioned, for the purposes *1382 therein expressed, as and for her own act and deed.
Given under my hand and official seal, this the 16th day of July, A.D., 1986.
(SEAL)
 /s/ Geraline Holliman
 NOTARY PUBLIC
My commission expires:
My Commission Expires Feb. 27, 1990
BANKS, Justice, concurring in part:
While I agree with the result reached by the majority affirming the finding of the lower court, I disagree with the path taken. The majority contends that collateral estoppel precluded the lower court from relitigating issues raised by Harold in his motion for modification relating to the validity of the antenuptial agreement. It is my view that the doctrine of collateral estoppel is inapplicable in the present case.
In Riley v. Moreland, 537 So.2d 1348 (Miss. 1989), we explained that
collateral estoppel is a subsidiary doctrine of res judicata, and it precludes the parties from "re-litigating a specific issue actually litigated, determined by, and essential to the judgment in a former action," even though the latter suit proceeds on the basis of a different cause of action. Dunaway v. W.H. Hopper & Associates, Inc. 422 So.2d 749, 751 (Miss. 1982). The doctrine applies only to questions actually litigated. Id.

In the present case, the parties litigated, and the lower court adjudicated the issue of whether the antenuptial agreement was valid and enforceable. The parties did not litigate, and the court did not determine, whether the contract would be affected in the event Blanche remarried. Thus, collateral estoppel was not operable so as to preclude the trial court from construing the contract with regard to this event.
As I read the ruling, the trial court did not attempt to apply the doctrine of collateral estoppel when denying Harold's motion for modification. While in its bench opinion the court stated
[t]he motion before the Court is an attempt to retry original issues. Those issues were heard by this Court appealed and affirmed by the Mississippi Supreme Court. It was the parties themselves who prepared and entered into the antenuptial agreement and that vested contracted property right and interest has been determined and monthly value established [sic]. It is a contracted property right and not alimony by any means.
Viewed in context, however, it is apparent that the court was referring to the testimony concerning the relative needs and means of the parties when it spoke to retrial of issues. Collateral estoppel was not mentioned. Based upon the evidence presented, the court essentially determined that the contract conferred a contracted property right upon Blanche and not a right to alimony. As a result, the contract is unaffected by Blanche's remarriage or any other future event.
I, too, am unable to find where "[t]he antenuptial agreement by its very language allows for alteration in the event of changed circumstances." In any event, however, the trial court considered the evidence and found that the relative financial conditions of the parties remained substantially unchanged and that Blanche's remarriage was not a change of circumstance which would warrant or justify a modification.
I disagree with Justice Lee, who suggests in his dissent, that we should find the contract ambiguous on the point and, therefore, remand. The trial court has construed the contract. There is no suggestion that there is additional evidence bearing on that construction that was excluded.
As the majority recognizes, we should not disturb a chancellor's findings unless manifestly wrong. Bowers Window & Door Co. v. Dearman, 549 So.2d 1309, 1312 (Miss. 1989); Carr v. Carr, 480 So.2d 1120, 1122 (Miss. *1383 1985). Because the lower court's finding was not manifestly wrong and was supported by the evidence, the court's decision denying modification should be affirmed.
SULLIVAN and PITTMAN, JJ., join this opinion.
NOTES
[1] An examination of the antenuptial agreement reveals that it does not refer to a Eugene Hollis, only a Harold E. Hollis. As the record does not otherwise mention a Eugene Hollis, we must assume for the purposes of this opinion that Blanche Hollis (Upton) is speaking of Harold Hollis when she refers to Eugene.
[1] Hollis v. Hollis, 594 So.2d 1149 (Miss. 1992).
[2] While the chancellor's April 22, 1993 decree purports to treat Harold's payments to Blanche as contractual, it is apparent that the payments are in fact periodic alimony. E.g., "... and reaffirm that the payments made thereto of Six Hundred Fifty Dollars ($650.00) per month due and payable by the first of each month from Harold E. Hollis to Blanche N. Hollis (Upton) represents payments of a vested contractual property right and is not alimony by any name.

The Court does also find that the relative financial conditions of the parties remain substantially unchanged and that the remarriage of Blanche N. Hollis (Upton) is not a material change of circumstances which would warrant or justify the relief requested." (emphasis added).