ISHEE, J.,
for the Court:
¶ 1. In August 2007, Lawrence M. Ruck-deschel and Katherine R. Ruckdeschel (the Ruckdeschels) contracted with Hurricane Homes, Inc. (Hurricane Homes) to construct a modular home to be placed on the Ruckdeschels’ property in Pascagoula, Mississippi. Hurricane Homes operated its business on property leased to it by All American Processing, Inc. (All American). *60 In February 2008, after Hurricane Homes failed to complete the contracted modular home, the Ruckdeschels filed suit against Hurricane Homes in the Jackson County Circuit Court. In June 2008, the Ruckdes-chels procured a lis pendens in connection •with the circuit court action on the property owned by All American and leased to Hurricane Homes. Subsequently, All American filed suit in the Jackson County County Court, seeking the release and cancellation of the lis pendens. The Ruck-deschels then amended their complaint in circuit court to add All American as a defendant in the action. After the county court conducted a hearing on All American’s claim, it cancelled the lis pendens in July 2008. The Ruckdeschels appealed the county court’s ruling to the Jackson County Chancery Court, which reversed the county court’s judgment and reinstated the lis pendens. All American now appeals. Finding error, we reverse the chancery court’s judgment and render the lis pendens cancelled.
FACTS
¶ 2. Two years after Hurricane Katrina destroyed the Ruckdeschels’ home on the Mississippi Gulf Coast, the couple contracted with Hurricane Homes for the construction of a modular home to be placed on the Ruckdeschels’ property. At all pertinent times, Hurricane Homes operated its business on property owned by All American and leased to Hurricane Homes. On February 22, 2008, after it became apparent that Hurricane Homes would not complete its contract, the Ruckdeschels filed suit against Hurricane Homes in circuit court alleging breach of contract, negligence, material misrepresentation, fraud in the inducement, conversion, and conspiracy.
¶ 3. On June 10, 2008, the Ruckdeschels, purportedly in connection with their circuit court action, obtained a lis pendens on the property owned by All American and leased to Hurricane Homes. All American had not been named a defendant in the Ruckdeschels’ suit at that time. Additionally, All American was under contract to sell the property to a third party at the time the lis pendens was recorded. On June 25, 2008, All American filed an amended complaint to an action it had pending in county court regarding the sale of the property, wherein All American requested the release and cancellation of the lis pendens. Shortly thereafter, the Ruck-deschels named All American as a defendant in their circuit court action.
¶ 4. On July 3, 2008, after a hearing, the county court dissolved the lis pendens. The property was then sold and conveyed to the aforementioned third party. The Ruckdeschels subsequently filed a motion in county court for a new trial on July 9, 2008, but they did not schedule a hearing until several months later. During that time, the Ruckdeschels obtained a default judgment against All American in the circuit court action. The Ruckdeschels then filed a supplement to their motion for a new trial and, alternatively, requested that the county court reverse its decision based upon the default judgment obtained against All American in circuit court. After a hearing on the matter in November 2008, the county court denied the Ruckdes-chels’ motions.
¶ 5. The Ruckdeschels appealed to the chancery court on December 19, 2008. A transcript of the county court proceedings was not included in the record on appeal to the chancery court, but evidence of the Ruckdeschels’ default judgment against All American from the circuit court was presented. The chancery court scheduled a hearing on the matter. All American declined to attend the hearing and waived its right to oral argument. After hearing *61 the Ruckdeschels’ claims, the chancery-court reversed the decision of the county court and ordered reinstatement of the lis pendens. All American filed a motion for reconsideration, which was denied. All American now appeals. Finding error, we reverse the chancery court’s judgment, and render judgment to cancel the lis pen-dens.
DISCUSSION
¶ 6. In matters of equity, “findings of fact on conflicting evidence cannot be disturbed by this Court on appeal unless we can say with reasonable certainty that these findings were manifestly wrong and against the overwhelming weight of the evidence.” Richardson v. Riley, 355 So.2d 667, 668 (Miss.1978). The evidence shows that the Ruckdeschels employed Mississippi Code Annotated section 11-47-3 (Rev.2002) in obtaining the lis pendens at issue. Section 11-47-8 governs the filing of a lis pendens, stating:
When any person shall begin a suit in any court, whether by declaration or bill, or by cross-complaint, to enforce a lien upon, right to, or interest in, any real estate, unless the claim be founded upon an instrument which is recorded, or upon a judgment duly enrolled, in the county in which the real estate is situated, such person shall file with the clerk of the chancery court of each county where the real estate, or any part thereof, is situated, a notice containing the names of all the parties to the suit, a description of real estate, and a brief statement of the nature of the hen, right, or interest sought to be enforced. The clerk shall immediately file and record the notice in the lis pendens record, and note on it, and in the record, the hour and day of filing and recording.
¶ 7. Accordingly, the Ruckdeschels used their circuit court action against Hurricane Homes to obtain a lien on the property owned by All American and leased to Hurricane Homes. The Ruckdeschels assert a right to, or interest in, the subject property by claiming that “All American Processing, Inc., was a conduit through which [Hurricane Homes’] monies, or a portion of said monies, were funneled ... in an effort to defraud [the Ruckdeschels.]” They further assert that they are “entitled to an equitable interest in any and. all property and other assets of All American Processing, Inc., including the aforereferenced site upon which [the Ruckdeschels’] home was to be constructed, all as a result of [Hurricane Homes’] conversion of [the Ruckdes-chels’] funds into the corporate assets of All American Processing, Inc.”
¶ 8. In sum, the Ruckdeschels claim an ownership interest in All American’s property because they paid Hurricane Homes for work that was never completed. Because Hurricane Homes paid All American to lease the property, the Ruckdeschels also argue that the money paid by them to Hurricane Homes was ultimately converted into All American’s corporate assets when Hurricane Homes paid for its lease. The Ruckdeschels further assert that Hurricane Homes’ operation on All American’s property grants them the right to a lis pendens. We disagree.
¶ 9. In its order denying a new trial, the county court stated, “there is no substantial evidence that the claims set forth by [the Ruckdeschels] are tied to the property in such a way that the lis pendens statute would apply.” The Mississippi Supreme Court in W.H. Hopper and Assocs., Inc. v. Dunaway, 396 So.2d 43, 45 (Miss.1981) (quoting 51 Am.Jur.2d, Lis Pendens, § 17), dealt with a lis pendens issue, and the court stated the following:
Although the extent to which particular property must be “involved in”, or “affected by”, litigation in order to render *62 the doctrine of lis pendens applicable may, of course, be governed by statute, it is clear that some form of identifiable “property” must be directly involved in the litigation, and, further, that the litigation to which the doctrine is sought to be applied must “involve” the particular property to which the doctrine is sought to be applied.
The supreme court further stated that “[t]he lis pendens statute was enacted for those who claimed to rightfully own an interest in the property [in question].” Dunaway v. W.H. Hopper & Assocs., Inc., 422 So.2d 749, 751 (Miss.1982).
¶ 10. Here, Hurricane Homes and All American are two distinct entities, and the action between the Ruckdeschels and Hurricane Homes is not tied to All American. The subject property is only indirectly tied to the Ruckdeschels’ legal actions because Hurricane Homes operated its business on the property as a lessee. Because Hurricane Homes was a lessee, it had no ownership interest in the subject property. Furthermore, it is clear that Hurricane Homes had no ownership interest in All American, and vice versa. As such, were the Ruck-deschels to obtain a judgment against Hurricane Homes, they could not seek redemption of the judgment through the liquidation of All American’s assets, including the subject property, even if Hurricane Homes were unable to fulfill the judgment independently. With respect to the present case, the assets and liabilities of Hurricane Homes and All American are not interchangeable, contrary to the Ruckdes-chels’ arguments.
¶ 11. Furthermore, the chancery court’s reinstatement of the lis pendens was not based upon any specific findings by the chancellor that the Ruckdeschels had an interest in the subject property and could legally enforce a lien on the property. Instead, the chancellor determined that because “a [d]efault [j]udgment had been entered against All American in [cjircuit [c]ourt,” the property in question must, therefore, be legally bound by the lis pen-dens. However, the Mississippi Supreme Court has reiterated the well-settled notion that “the [l]is [p]endens statute is for those with a vested interest or lien.” Aldridge v. Aldridge, 527 So.2d 96, 99 (Miss.1988) (citing Fernwood Lumber Co. v. Meehan-Rounds Lumber Co., 85 Miss. 54, 37 So. 502, 504 (1904)). The supreme court went on to state:
The [l]is [p]endens notice itself does not constitute an independent basis for imposition of a lien. Therefore, it was necessary that the chancellor make specific findings of fact sufficient to constitute an independent basis for imposing a lien on property rather than simply relying on the presence of a lis pendens notice as grounds therefor.

Id.

¶ 12. Likewise, the chancellor in the present case erred by failing to make specific findings as to the Ruckdeschels’ interest in the subject property and the property’s actual connection to the Ruckdeschels’ suit. While the default judgment against All American might have indicated potential liability for All American, the relevance of the subject property and, hence, the validity of the lis pendens remained unclear. However, our analysis above clarifies that the subject property has no direct involvement in the Ruckdeschels’ claims against Hurricane Homes or All American, and the Ruckdeschels have presented no evidence of a rightful claim to an interest in the property. Accordingly, we find manifest error in the chancery court’s reinstatement of the lis pendens. As such, we reverse the judgment of the chancery court and render to cancel the lis pendens.
¶ 13. THE JUDGMENT OF THE JACKSON COUNTY CHANCERY *63 COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES. *
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.